THE CITY OF EMPORIA v. MARIA L. SCHMIDLING.

33   485
40   584
40   587

33   485
48   437

33   485
53   155
53   763

55   257

33   485
59   709

33   485
62    64

33   485
69   704

33   485
71   105
71   184

33   485
72   218
72   665
74    76

1. DEFECTIVE SIDEWALK, *How to be Used.* The fact that a person uses a street or sidewalk after he has notice that it is out of repair, is not necessarily negligence. Persons are not to be entirely debarred from the use of a street because it may be defective or somewhat dangerous; but where danger exists, and it is known, ordinary prudence would require of those using such street greater vigilance and care and caution, corresponding with the danger, to avoid injury.

2. EVIDENCE; *Removing Defective Sidewalk.* In an action brought against a city to recover for personal injuries alleged to have resulted from a defective sidewalk, the fact that the walk in question was removed by the city authorities and another and a better one substituted therefor soon after the injury occurred, may be considered as a circumstance tending to show that the walk removed was out of repair, but it is no evidence that the city authorities had knowledge of the defect before the occurrence of the injury.

3. STREETS AND SIDEWALKS; *Duty of Cities.* Incorporated cities are required to construct and maintain their streets and sidewalks in a reasonably safe and suitable condition for their intended use and for the travel that usually passes over them; they are not held to put and keep them in an intrinsically perfect condition, nor are they answerable for injuries resulting from defects that reasonable care and diligence on the part of the city authorities could not have discovered and remedied.

4. ———— An error which works no injury or prejudice to the party complaining, does not justify a reversal of the judgment.

*Error from Lyon District Court.*

ACTION by *Schmidling* against *The City of Emporia*, to recover for personal injuries resulting from a defective sidewalk. Trial at the March Term, 1884, and judgment for the plaintiff for $1,000. *The City* brings the case here. The opinion states the material facts.

*J. Harvey Firth*, and *J. Jay Buck*, for plaintiff in error.

*Peyton, Sanders & Peyton*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Maria L. Schmidling brought an action in the district court of Lyon county against the city of Emporia, to recover for personal injuries resulting from a defective sidewalk on one of the streets within the corporate limits of that city. It appears that on the 19th of July, 1883, as the plaintiff was traveling over the sidewalk on the east side of Merchants street, a loose board which formed a part of the walk was stepped upon by another person, one end of which tipped up and was thrown suddenly and violently against the plaintiff's foot and ankle, bruising and spraining it badly. She alleged and claimed that the sidewalk had been out of repair for a considerable time prior to the accident, and that the city had knowingly and negligently permitted it to remain out of repair, and that by reason of its condition, and not through any fault of her own, or negligence on the part of the person who stepped upon the loose board that was thrown against her, but only because of the negligence of the city, she was injured. For this injury, and for the expense incurred for physicians and nurses, as well as for loss of time, she asked damages. The cause was tried by a jury, and verdict and judgment were given in favor of the plaintiff for $1,000. The city, alleging error, brings the case here for review.

It is first complained that there was error in overruling the motion made by the counsel for the city to require the plaintiff to make her petition more definite and certain. Without

reproducing the petition here, or entering upon a discussion of its allegations, we deem it only necessary to remark, that while it might with propriety have been more elaborate and precise in some respects, yet it was sufficiently full and explicit to fairly make known to the defendant the elements of the damages claimed by the plaintiff. An examination of the record satisfies us that the defendant was not prejudiced by the ruling upon this motion.

An exception was taken to the refusal of the court to charge the jury that "if the walk in question was so dangerous as that its condition could be seen at a glance, then that of itself should have put the plaintiff upon her guard, and she cannot recover." This instruction we think was rightly refused. In the first place it is doubtful whether it was pertinent to the facts in the case. It does not appear that the defect in the sidewalk was one which could be seen at a glance by the defendant. That the particular board which did the injury was unfastened and liable to be tipped up, was probably not apparent until it was stepped on by the passer-by. However, there is a more serious objection to the instruction; it expresses the idea that if the plaintiff undertook to pass over the sidewalk with the knowledge that it was defective or dangerous, then that of itself would constitute negligence which would defeat a recovery. This is not the law. Persons are not to be entirely debarred from the use of the streets because they may be out of repair. Frequently a street or sidewalk may be passed over and used with safety even though somewhat defective. Of course a person cannot heedlessly or recklessly walk into danger and hold the city liable for resulting injury. If danger exist, and it is known, ordinary prudence would require a greater vigilance and a care corresponding with the danger, to avoid injury. It has been said by this court that "the fact that a person attempts to travel on a street or sidewalk after he has notice that it is unsafe or out of repair, is not necessarily negligence." (*Corlett v. City of Leavenworth*, 27 Kas. 673; see also *City of Osborne v. Hamilton*, 29 id. 1; *Osage City v. Brown*, 27 id. 74.) If to the instruction asked,

had been added the qualification, that if the plaintiff, after see-
ing the dangerous condition of the walk, failed to exercise that
care and caution for her personal safety that a reasonable per-
son would exercise under like circumstances, she cannot re-
cover, it might properly have been given.   But the court did
not neglect to instruct the jury upon the subject of contribu-
tory negligence, and in regard to the duty required of those
who used the sidewalks.   In the general charge of the court,
the jury were told that it is—   .

"The duty of those who travel upon sidewalks to use
reasonable care and diligence to avoid injury, such as persons
of ordinary care and diligence would under the same or simi-
lar circumstances; and in determining whether the plaintiff
used such care and diligence at the time of the alleged injury,
you will consider the nature of the alleged defect, whether
visible, or not; the time of day, as to being light, or other-
wise; the knowledge of the plaintiff with regard to its con-
dition at and previous to the time of the alleged injury; and
any other fact or circumstance disclosed by the evidence which
may tend to show such alleged negligence, or the absence of
it; and if you find from the evidence that the plaintiff was
guilty of any negligence which directly contributed to the
alleged injury, then the plaintiff cannot recover, and you will
find for the defendant."

Another instruction asked, the refusal of which is com-
plained of, is as follows:

"The mere fact that after this accident occurred the city
took up the walk in question, and in connection with other
contiguous walks built a walk of other materials, cannot be
considered as showing either knowledge or negligence on the
part of the city prior to the accident."

Inasmuch as the matter of the removal of the walk was
before the jury, the instruction asked was a proper one.   The
fact that the walk was taken up by the city at that time, and
another substituted therefor, was a circumstance which, in
connection with other circumstances, might properly be con-
sidered by the jury as tending to show that the walk removed
w as defective, but it is no evidence that the city authorities
had knowledge that the walk was defective at or before the

time of the accident. This testimony, however, was not offered by the plaintiff, nor relied upon by her as any evidence that the city authorities had knowledge prior to the accident that the walk was unsafe and unfit for public use. The fact came out only incidentally in the examination of the witnesses for the defendant, who explained that the walk was only changed in order to make a continuous walk of asphaltum along the entire block, and not because the portion in question was out of repair. Neither did the court adopt the theory, or intimate, that the removal of the walk after the accident occurred was any evidence upon which the city might be charged with knowledge that the walk was out of repair. On the other hand, the court in instructing the jury in what way the city became chargeable with negligence or knowledge, plainly referred to circumstances occurring before the accident, and directed them that they might infer that the city had knowledge of palpable defects which a reasonable degree of care and diligence would have discovered, and that any defect which, from its character, location or condition could not by reasonable care and diligence be discovered, must be brought to the actual notice of the city authorities before it will be liable for injuries caused thereby.

In view of the facts in the case, and the fullness of the instructions upon this subject, we cannot regard the failure of the court to comply with this request as other than harmless error, and not such a one as will justify us in reversing the judgment.

Counsel for the city criticise the instruction given by the court, as holding the city to a higher standard of duty than the law requires. And they argue that the effect of the instructions was, that the city is required to keep its sidewalks in an "*absolutely*" safe or perfect condition, and to hold it liable for all injuries resulting from a failure to put and keep them in such a condition. Certainly cities are not required to keep their sidewalks absolutely safe and intrinsically perfect. They are only held to construct and maintain them in a reasonably safe and suitable condition for their intended use, and for such

travel as usually passes over them.   They ought not and cannot be held liable for injuries resulting from defects that reasonable care and diligence on the part of the city authorities could not have discovered and remedied.   In speaking of the liability of cities in cases of this character, this court has said:

"Accidents may happen, notwithstanding the utmost care. Does it warrant against all accidents?  · We think not.   .   .   . It must use reasonable care and diligence in making the walk strong and safe.   The amount of care and diligence, to be reasonable, may vary with the circumstances of the case. More precaution may be needed where the walk is lifted twenty feet above the ground, than where it rests directly upon the dirt; but in all cases it must be, relative to the danger and risk, reasonable care and diligence." (*City of Atchison v. Jansen*, 21 Kas. 575.)

While the court, in one of its instructions, made a somewhat inapt use of the word "absolutely," yet when the entire charge is read together, it is not, we think, fairly open to the interpretation placed upon it by counsel for the city.   The court said that "a city is not required to have its sidewalks in an absolutely safe condition, but it is only required to use reasonable care and diligence to have them *so*."   In direct connection with the foregoing, the jury were told that "it is the duty of every incorporated city to use reasonable care and diligence to have its sidewalks reasonably safe."   The same principle is reiterated in other portions of the charge; so that the court manifestly intended to rule, and the jury must have understood, that the city was only required to construct and maintain its sidewalks in such a manner as under all the circumstances will make them reasonably safe for public use.

Some other points are suggested, though not urged; but after a careful examination of the record, and the questions raised thereon by counsel for the city, we fail to find any error which would warrant us in reversing the judgment of the district court, and it will therefore be affirmed.

All the Justices concurring.