FALLS TOWNSHIP, IN CHASE COUNTY, v. JOHN
STEWART.

No. 55.

1. NEGLIGENCE—*Defective Highway—Notice.*  A person who has
notice of a defective, unsafe or dangerous condition of a bridge,
culvert or public highway is not necessarily negligent in using the
same, if he does so in a careful, prudent manner.

2. ——— *Duty of Traveler—Liability of Township.*  Where a
traveler over a bridge, culvert or public highway has knowledge
that the same is defective, dangerous, or unsafe, he is not bound
to seek some other route of travel, where his business necessities
require of him the use of such bridge, culvert, or highway, but
such knowledge will require of him the exercise of that degree of
care and caution while using the same that an ordinarily prudent,
careful person would exercise under like circumstances; and if he
is injured while using the same on account of the defective condi-
tion of such bridge, culvert, or highway, while he is in the ex-
ercise of care and caution on his part commensurate with the
defective or dangerous condition of the bridge, culvert, or high-
way, and without contributory negligence on his part, he may re-
cover damages from the county or township wherein such defective
bridge, culvert or highway ls located.

3. ——— *Certain, Unavoidable Danger—Township not Liable.*
A person, although entitled to the use of a bridge, culvert, or pub-
lic highway, and entitled to do so although he has knowledge of
its defective, dangerous or unsafe condition, cannot do so in the
face of certain, unavoidable danger, and if he is injured thereby in
his attempt to use the same when the danger is certain and un-
avoidable, he cannot recover from the county or township where
the bridge is located.

4. ——— *Statute Construed—Burden of Proof.*  Under chapter
237, Laws of 1887, any person who shall, without contributory
negligence on his part, sustain damage by reason of any defective
bridge, culvert or public highway may recover damages from the
county or township in which said defective bridge, culvert or pub-
lic highway is located.  The plaintiff in an action to recover dam-
ages under this statute must allege and prove that the injuries
were sustained without contributory negligence on his part; and,
if the defendant deny the allegations of the petition, the burden
of proof of contributory negligence is on the plaintiff; but where
the defendant in its answer denies all the allegations of the peti-
tion, and then pleads contributory negligence on the part of the

plaintiff, and sets out certain particular acts of the plaintiff, and alleges that by reason of such acts the plaintiff was injured, the burden of proving such fact is thrown upon the defendant.

MEMORANDUM.— Error 'from Chase district court; FRANK DOSTER, judge. Action by John Stewart against Falls Township, in Chase county, to recover for personal injuries. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed December 7, 1895, states the material facts.

*F. P. Cochran*, and *John V. Sanders*, for plaintiff in error.

*Madden Bros.*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: John Stewart, defendant in error, filed his petition in the district court against Falls township, in Chase county, Kansas, to recover for personal injuries sustained on account of a defect in a public highway and culvert forming part of such highway. The action was instituted under chapter 237, Laws of 1887. The petition of the plaintiff below alleges that, while the plaintiff, without any negligence on his part, was driving a wagon over defendant's highway said wagon was upset by reason of defective condition of said highway and the defective condition of a culvert across said highway, by which plaintiff was thrown from said wagon and injured, bruised and crushed; that his left leg was broken and dislocated at the ankle, and he was otherwise bruised and injured about the hips, back and shoulders, head and limbs, and that on account of said injuries he was permanently and forever disabled and rendered unable to perform labor, and that due notice of such defects had

been given to defendant's trustee more than five days prior to such injury.

The answer of defendant below contains, first, a general denial, and second, an allegation of contributory negligence on the part of the plaintiff in this, to wit: That said plaintiff well knew the condition of said road and culvert at and before said injury occurred, and, with full knowledge of everything pertaining to the condition of said road and culvert, the plaintiff voluntarily and carelessly and recklessly drove a wagon loaded with hay, stacked and loaded on said wagon to the height of six feet or more above the running-gears of said wagon, at a fast, reckless and furious speed down a steep hill and incline, immediately upon and over said culvert and road, at said place; and by reason of said fast, careless and reckless driving, and by reason of the careless and bad handling of the said team, and by reason of the said hay being loosely and badly stacked on the said wagon, the said wagon was overturned, and the plaintiff jumped from the said load of hay, without any necessity for so doing, and was thereby a little hurt and injured. The reply of plaintiff below was a general denial of all new matter contained in the answer of the defendant below.

The case was tried upon these issues before the court with a jury, and resulted in a verdict and judgment in favor of the plaintiff below for the sum of $500 and costs of suit. Defendant below filed a motion for new trial, which was overruled and excepted to, and defendant below made a case and brings the same here for review.

The errors complained of are: (1) In the refusal of the court to give instructions requested by the defendant below. (2) In the giving of certain general in-

structions by the court.   At the close of the evidence,
and before the court commenced to charge the jury,
the defendant below submitted in writing the follow-
ing instructions to the court, and requested that the
same be given as applicable to this case :

"5. A person may not drive over an unsafe bridge
or highway with full knowledge of the unsafe condi-
tion and take his chances of sustaining injury by rea-
son of such unsafeness, and then recover damages
from the township in case such injury is sustained.

"6. Nor would the fact that such person had no
other road over which he could travel or transact his
business justify him in venturing upon a highway or
bridge that he knew to be unsafe."

"8. If the jury believe from the evidence that the
plaintiff was warned or had knowledge of said highway
or culvert being unsafe, and with such knowledge, and
with the defects in said highway or culvert (if any
existed) plainly to be seen by any person looking for
the same, ventured upon said highway or culvert, and
sustained injury thereby, he cannot recover even if you
should find that such highway or culvert was unsafe."

The court refused to give these instructions and the
defendant below assigns this refusal as error.   We do
not think the court erred in refusing to give these in-
structions as requested.   If they contain the correct
principle of law, it would make every person traveling
upon a highway or bridge that is unsafe guilty of
negligence.   Such is not the law.   The supreme court
of this state, in several well-considered cases, lays
down a different rule.   In the case of *Corlett v. City of
Leavenworth*, 27 Kan. 673, the court says : "The fact
that a person attempts to travel on a street or side-
walk after he has notice that it is unsafe or out of re-
pair is not necessarily negligence." In the case of

*Langman v. City of Atchison*, 35 Kan. 318, the court says :

"The mere fact that a person knows the sidewalk is defective will not prevent him from using it, and ordinarily a person is not obliged to forsake the sidewalk and travel in the street, or take another way, because he has knowledge of its defects. . . . Of course a person having knowledge that a sidewalk is defective or somewhat dangerous must use ordinary care and prudence to avoid danger."

In the case of *Maultby v. City of Leavenworth*, 28 Kan. 746, the court says :

"Neither is a party, although he is aware of the condition of the sidewalk, necessarily obliged to go around the block or travel by another street."

In the case of *City of Emporia v. Schmidling*, 33 Kan. 487, the court says : ·

"However, there is a more serious objection to the instruction ; it expresses the idea that if the plaintiff undertook to pass over the sidewalk with the knowledge that it was defective or dangerous, then that of itself would constitute negligence which would defeat a recovery. This is not the law. Persons are not to be entirely debarred from the use of the streets because they may be out of repair."

A person is not to be deprived of the right to use a public highway because he knows that it is in a dangerous condition, or unsafe. It requires of him the exercise of a high degree of care and prudence while using it — such care and caution as a reasonably prudent person would exercise under like circumstances. It is a question of fact for the jury to say, under all the evidence, whether his acts were those of a reasonably prudent person ; and if the injury is without his own negligence, while he is in the exercise of an undoubted right, he is entitled to recover for such injury.

The evidence in this case shows that the plaintiff below was injured by his wagon being overturned while traveling on a public highway in Falls township, Chase county, Kansas, and such highway was the only road he had to get over from the place where he loaded his hay to the point of destination, and that the highway was one that was in constant use by the public; that persons were passing over it every day with all kinds of carriages drawn by horses, and it was not negligence for him to use this highway if he did so in a careful, prudent manner. The court, *inter alia*, gave the jury the following instructions:

"Knowledge by a person of a defective or dangerous condition of a public highway and the use of it notwithstanding such knowledge are not of themselves negligence. If the necessities of a person's business require him to use a defective or dangerous highway, he may use it notwithstanding he knows its defects and dangers. Such knowledge only requires an increased caution and diligence to avoid injury. In other words, although a person is required to exercise only ordinary care and prudence, yet such care and prudence must be commensurate with the necessities of the case, and maintain a constant level with the dangers of the situation.

"A person, although entitled to the use of a public highway, and entitled to do so although he knows its defective character, cannot do so in the face of certain danger.

"If the judgment of an ordinarily prudent and reasonable person would teach him that danger was certain and unavoidable, he cannot insist on rushing into it merely because the law gives him the right to use the public highway and require the township officers to keep it in repair."

The plaintiff in error complains of these instructions. We think these instructions contain the correct principles of law governing cases where a party.

has received injuries by use of a defective public highway, and these instructions are in accordance with the principles of the common law and in full harmony with the decisions of the supreme court of this state on the question of negligence. These instructions are as favorable to the defendant below as the law would permit. The authorities cited by the plaintiff in error do not contain a different rule from that laid down by the judge in his charge to the jury in this case. We are referred by counsel to the case of *Artman v. K. C. Rly. Co.*, 22 Kan. 296, as laying down a different rule; but in that case Artman attempted to drive over the railroad-track where no crossing had been put in with a hay frame on his wagon partially filled with hay, at a place where he knew that an empty wagon could scarcely be driven over with safety, and yet with this knowledge, with his eyes open as to the peril, he attempted to drive over it. The court says: "He was negligent of his duty to himself, so wanting in care and diligence in his conduct, that the law will not afford him the relief which he seeks." In that case the danger was apparent, certain, and unavoidable. In this case the highway was in daily use and persons were using it constantly, and the danger was not certain and unavoidable. These instructions inform the jury that if a person knew its defective character he cannot use it in the face of certain danger; and further, that if the judgment of an ordinarily prudent person would teach him that danger was certain and unavoidable, he could not insist on its use and require the township to pay him for injuries received if he rushed into unavoidable danger. None of the cases cited by plaintiff in error sustain the position contended for by counsel.

It is insisted by plaintiff in error that the court erred in instructing the jury that the burden of proof was on the defendant below to show contributory negligence. The claim is, that under the law of 1887, giving the plaintiff a right of action in such case as the one under consideration, the burden of pleading is changed, and it is necessary for the plaintiff, in setting out his cause of action, to allege the absence of contributory negligence on his part, and it is also necessary for him to prove that he was free from negligence contributing to his injury. The statute under which this action was brought reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert, or highway is located." (Gen. Stat. 1889, ¶ 7134.)

The position of counsel would be correct if the answer contained simply a denial of the allegations in the petition. It is necessary under this statute for the plaintiff to allege that he was free from negligence contributing to the injury, and the proof should sustain this allegation; but in this case the defendant below in its answer denied all the allegations in plaintiff's petition, and by way of an affirmative defense alleged that the injury that plaintiff below sustained was caused by his own negligence, and set out the particular facts constituting his negligence:

"That the injury was brought about by the plaintiff's own negligence and misconduct; that he well knew the road and culvert, and well knew the condition of both the road and culvert before said injury occurred; and with a full knowledge of everything pertaining to the road and culvert, said plaintiff voluntarily and carelessly and recklessly drove a wagon

loaded with hay, stacked and loaded on said wagon of the height of six feet above the running-gears of said wagon, at a fast, reckless and furious speed down a steep hill and incline immediately onto said culvert and road at said place ; and by reason of said fast, careless and reckless driving and bad handling of the team, and by reason of the hay being loosely and badly stacked on the wagon, said wagon was overturned by the team, and plaintiff jumped from said load of hay, without any necessity for so doing, and was thereby a little hurt."

Now, under the allegations of this answer, we think that the burden of showing the facts constituting contributory negligence was upon the defendant. It had set up an affirmative defense, and it should have been required to establish it by evidence. The evidence on behalf of the plaintiff had shown that he was in the exercise of due care and caution at the time the accident occurred, and if the defendant below relied upon the facts stated in its answer as constituting such contributory negligence as would defeat the plaintiff's action, the burden of establishing them was certainly, under general rules of evidence, cast upon the defendant.

The final error complained of is in the overruling of the motion for a new trial. It is earnestly insisted by counsel that the court should have set aside the verdict of the jury and granted a new trial on the grounds of newly-discovered evidence material to a proper defense to said action. We have read the affidavits filed for a new trial carefully, and we do not think they present such facts under the circumstances as entitled the defendant below to a new trial. The defendant in its answer set up the very facts that it now claims were not discovered until after the verdict of the jury was returned — that these facts were first discovered

after the trial was over. It seems strange that defendant below should have knowledge of these facts in order to set them up in its answer, and then claim that it first discovered the facts after the trial. In the cross-examination of witnesses for the plaintiff below their attention was called to the manner of loading the hay on the wagon. Counsel for defendant below asked plaintiff on cross-examination all about the manner in which the hay was loaded on the wagon, and also other witnesses were examined by defendant in relation to the manner in which the hay was bound, and the condition of the hay and wagon. We do not think the facts set out in the affidavit are very material in this case, and if they were it does not seem that due diligence had been used to discover them; and if they had been produced it would have only been cumulative evidence of facts already before the jury. We think there was no error in overruling the motion for a new trial.

The judgment of the district court is affirmed.

All the Judges concurring.