INDEPENDENT TOWNSHIP, BARTON COUNTY, v. FRIED-
EREKE GULDNER, *Administratrix.*

**No. 183.**

1. PLEADING AND PRACTICE—*Demurrer, How Considered.* A de-
murrer to the evidence must be viewed in the light most favora-
ble to the plaintiff and all reasonable inferences must be allowed
in his favor, and unless all the testimony offered fails to establish
his case or some material fact in issue, the demurrer should be
overruled. (*Croll v. Railroad Co.*, 57 Kan. 548.)

2. ——— *Injuries from Defective Highway — Contributory
Negligence—Burden of Proof.* "The plaintiff, in an action to
recover damages under this statute (Gen. Stat. 1897, ch. 42, § 48),
must allege and prove that the injuries were sustained without
contributory negligence on his part, and if the defendant deny
the allegations of the petition, the burden of proof [of the ab-
sence] of contributory negligence is on the plaintiff; but where
the defendant in its answer denies all the allegations of the peti-
tion, and then pleads contributory negligence on the part of the
plaintiff, and sets out certain particular acts of the plaintiff, and
alleges that by reason of such acts the plaintiff was injured, the
burden of proving such fact is thrown upon the defendant.
(*Falls Township v. Stewart*, 3 Kan. App. 403.)

3. ——— *Instructions Considered.* The instructions contained
in the record considered, together with the instructions com-
plained of; and *held*, that they fully state the law applicable to
the issue and the material facts to be determined by the jury.

Error from Barton district court; ANSEL R. CLARK,
judge.   Opinion filed January 18, 1898.   Affirmed.

*Diffenbacher & Banta*, for plaintiff in error.

*G. W. Nimocks*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was commenced by
the defendant in error, as administratrix of the estate
of Gustav Kroff, against the plaintiff in error, for the
use and benefit of the minor heirs of Gustav Kroff, de-
ceased.   It is alleged in the petition that the plain-

tiff in error had charge and control of a certain highway on which there was located a bridge, and that the plaintiff in error permitted the bridge and the approaches thereto to get out of repair and in a dangerous condition for the passage of wagons and other vehicles; that the plaintiff in error permitted the bridge and the approaches thereto to remain defective after the trustee had had at least five days' notice of such defect; that by reason of the negligence of plaintiff in error in permitting the bridge and the approach thereto to remain in this unsafe and defective condition Gustav Kroff was injured, from which injury he died.

Plaintiff in error answered in the court below by general denial, and alleged contributory negligence; that the bridge where the accident was said to have taken place was not in the public highway, and that the bridge and the approaches to the same were in reasonably good repair, and that they were safe for use by the public and all persons while in the exercise of care and caution. The case was tried to a jury, a verdict returned and judgment rendered for the plaintiff below for $300. The defendant below brings the case here for review.

It is contended that the trial court erred in refusing to sustain the demurrer of the defendant to the evidence of plaintiff. The evidence is too voluminous for an abstract to be given, but it has been carefully examined, and applying the rule that "in considering the demurrer the evidence must be viewed in the light most favorable to the plaintiff, and all reasonable inferences must be allowed in his favor, and unless all the testimony offered fails to establish his case or some material fact in issue, the demurrer should be overruled" (*Croll v. Railroad Co.*, 57 Kan. 551), it was not

error for the trial court to refuse to sustain the demurrer.

Section 48, chapter 42, General Statutes of 1897, provides:

"Any person who shall without contributing [contributory] negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located. . . ."

The petition in this case was drawn in conformity to this section; the contention is as to the burden of proof. Under this section, it is necessary for the plaintiff to allege that the damage sustained by reason of the defect was without negligence on his part, and this allegation should be supported by competent evidence; and where a general denial is filed, the burden is upon the plaintiff to establish this fact. The evidence of plaintiff in support of this allegation is slight, but sufficient as against a demurrer to the evidence. The defendant in this case answered by general denial, and alleged:

"For its fourth and further answer to the said petition defendant says, that at the time of the injury complained of in said petition the said Gustav Kroff, deceased, was, and for a long period of time prior thereto had been, fully acquainted with and aware of the condition of the said bridge, as described in the said petition, and knew all about the condition of the approaches thereto at the place where it is alleged that the said injury occurred; that he had passed over the said bridge and its approaches for several months almost daily, in transporting wheat and other grain by wagon to the town of Claflin, in said county, and for the transaction of his other business and affairs; and that plaintiff herein is not entitled to recover from this defendant any damages whatever for the reasons following, that is to say: That at the time

of the injury complained of in plaintiff's petition he, the said Gustav Kroff, deceased, was not exercising ordinary care and prudence, and that any injury that may have befallen him at said point was due solely to his own contributory negligence and want of ordinary care and caution in this, that at the time of the injury complained of he was driving a wild and fractious team of horses, which at all times were very difficult of management ; that he was running the said team upon the road which approaches the said bridge described in plaintiff's petition, and that by his own negligence, at the time he approached the bridge, his team and wagon were not traveling in the beaten track of the road, and at the time of going upon the bridge he was driving at a distance of several inches from the regular approaches to the bridge, and when his wagon struck the bridge he was driving at a high rate of speed, and struck the bridge at a point near to one side or end thereof, and at a point on said bridge where he knew it was dangerous and unsafe, and that any injury which was received by him on that occasion was and is due wholly and solely to his own default.''

Under the allegations of this answer, the burden is upon the defendant to show, as alleged in the answer, contributory negligence on the part of the plaintiff. In considering this section, this court has said :

''The plaintiff, in an action to recover damages under this statute, must allege and prove that the injuries were sustained without contributory negligence on his part, and if the defendant deny the allegations of the petition, the burden of proof [of the absence] of contributory negligence is on the plaintiff; but where the defendant in its answer denies all the allegations of the petition, and then pleads contributory negligence on the part of the plaintiff, and sets out certain particular acts of the plaintiff, and alleges that by reason of such acts the plaintiff was injured, the burden of proving such fact is thrown upon the defendant.'' (*Falls Township v. Stewart*, 3 Kan. App. 403.)

It is contended that the court erred in the instructions given to the jury. The record does not contain all the instructions given, but the instructions contained in the record, considered in connection with the instructions complained of, fully state the law applicable to the issue and the material facts to be determined by the jury.

No error appearing sufficient to warrant a reversal of this case, the judgment of the district court is affirmed.