No. 28,668.

E. M. WAGNER and MAUDE WAGNER, Parents and Next of Kin of Dallas E. Wagner, Deceased, *Appellees,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLAY, *Appellant.*

(276 Pac. 74.)

Opinion filed April 6, 1929.

*C. Vincent Jones* and *O. E. Peterson,* both of Clay Center, for the appellant. *George L. Davis* and *W. M. Beall,* both of Clay Center, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs, the father and mother of Dallas E. Wagner, deceased, sued the board of county commissioners of Clay county to recover $10,000 damages for his wrongful death alleged

to have been negligently caused by a defect in a bridge and highway in Clay county. Verdict was returned in favor of the plaintiffs in the sum of $250. On their motion the verdict was set aside, and a new trial was ordered as to the amount of damages sustained by the plaintiffs. The defendant also filed a motion for a new trial. That motion was denied. The defendant appeals.

■ The defendant complains of the order overruling its demurrer to the evidence of the plaintiffs. That evidence tended to prove that at a bridge on a county road in Clay county there were no guard rails on the sides of the bridge nor on the approach to it; that the center of the bridge had been built four and one-half feet to one side of the center of the road; that there was a graded approach to the bridge, one side of which had been washed away by high water, and which had been filled in with soft dirt a short time prior to the accident in which Dallas E. Wagner was killed; that he, with others, was riding in an automobile on the highway toward the approach at about twenty-five to thirty-five miles an hour; that it was dusk in the evening; that the approach could not be distinctly seen; that the surface of the road appeared to be solid and firm; that part of the road was soft because fresh dirt had recently been placed in the road; that the automobile in which Dallas E. Wagner was riding ran off the side of the road as it approached the bridge, ran into a ditch, turned over, and killed Dallas E. Wagner; and that the chairman of the board of county commissioners had notice and knowledge of the condition of the bridge and road more than five days before the accident occurred. Under that evidence the court could not properly say that the plaintiffs had not proved facts sufficient to constitute a cause of action. The demurrer was properly overruled.

■ One instruction requested by the defendant contained the following language:

"The burden of proof is upon the plaintiffs to show by a preponderance of the evidence that there was no contributory negligence upon the part of said Dallas E. Wagner."

The court, after stating the issues, instructed the jury that—

"The burden of proof in this case rests upon the plaintiffs to establish to your satisfaction by a preponderance of the evidence, all of the material allegations made and contained in their petition.

"The burden of proof in this case rests upon the defendant to prove to your satisfaction by a preponderance of the evidence that the deceased, Dallas E. Wagner, was guilty of contributory negligence as alleged by defendant in its answer."

The defendant complains of the refusal of the court to give the instruction requested concerning the burden of proof as to contributory negligence and complains of the instructions given on that subject.

Section 68-301 of the Revised Statutes, in part, reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert, or highway is located. . . ."

In *Falls Township v. Stewart*, 3 Kan. App. 403, 42 Pac. 926, the court said:

"The plaintiff in an action to recover damages under this statute must allege and prove that the injuries were sustained without contributory negligence on his part, and, if the defendant deny the allegations of the petition, the burden of proof of contributory negligence is on the plaintiff; but where the defendant in its answer denies all the allegations of the petition, and then pleads contributory negligence on the part of the plaintiff, and sets out certain particular acts of the plaintiff, and alleges that by reason of such acts the plaintiff was injured, the burden of proving such fact is thrown upon the defendant." (Syl. ¶ 4.)

To the same effect is *Township v. Guldner*, 7 Kan. App. 699, 51 Pac. 943. The opinion in the first of those cases was filed December 7, 1895, and the opinion in the last was filed January 18, 1898. In *Reading Township v. Telfer*, 57 Kan. 798, 48 Pac. 134, the supreme court of this state said:

"The statute (sec. 1, ch. 237, Laws of 1887, ¶ 7134, Gen. Stat. 1889) giving a right of action against counties and townships in favor of persons who, without contributory negligence, sustain damage by reason of defective bridges, or highways, changes the burden of neither pleading nor proof so as to require a plaintiff suing for damages for injuries caused by such defects to allege or prove nonnegligence on his part."

The opinion in the last-cited case was filed March 6, 1897. The answer in the present action alleged that "if the said Dallas E. Wagner came to his death at any time from any cause, that his own fault, carelessness and negligence were contributing causes thereof." The answer does not quite bring the present action within the rule declared by the court of appeals because it does not allege the specific acts of negligence of Dallas E. Wagner. The principle declared by this court in *Reading Township v. Telfer*, supra, does apply to the facts as pleaded in the present action. If there is a conflict between the decision of this court and the decisions of the court of

appeals, the decision of this court must control. Following the decision of this court it must be declared that neither the refusal of the court to give the instruction requested by the defendant nor the giving of instructions by the court constituted error.

■ Complaint is made of many of the instructions given and of the refusal of the court to give a number asked by the defendant. These have been examined. This court has been unable to find any material error in any of the instructions given. Concerning those requested which might have been properly given, an examination of those given reveals that those requested were substantially given so far as they should have been, not in the language asked by the defendant, but in language sufficiently clear to enable the jury to understand the instructions. The manner in which these complaints are made is not such as to assist the court in determining whether or not the propositions contended for by the defendant are good. After such an examination as the court has been able to make the court concludes there was no reversible error in the instructions given, nor in refusing to give those requested.

■ The defendant complains of the introduction and exclusion of evidence. No prejudicial error appears to have been committed in the admission of evidence on behalf of the plaintiffs. Mrs. Foster Morton, who saw the accident in which Dallas E. Wagner was killed, lived in Clay county and was a witness on behalf of the plaintiffs on the first trial. She was unable to be present, and by stipulation her deposition was taken and read on that trial. Between that and the second trial the deposition was lost. On account of her health she was unable to attend as a witness at the second trial. Her husband who heard her testify in the deposition was offered as a witness by the defendant and asked concerning what she said when her deposition was taken. The court refused to permit Mr. Morton to testify concerning what his wife had said. Her evidence was produced on the hearing of the motion for a new trial in the following manner: The former court reporter transcribed from his notes the deposition given by Mrs. Morton on the former trial, and his transcript of her evidence was produced at the hearing of the motion for a new trial. No application for a continuance of the trial was made when it was learned that the deposition had been lost and Mrs. Morton could not be procured as a witness. The record does not show any effort to secure a reproduction of her evidence by the court reporter who took it. In other words, the record

does not show proper diligence on the part of the defendant to procure the evidence of Mrs. Morton. The complaint concerning the exclusion of the evidence of Mr. Morton cannot be sustained.

■ The defendant complains of the order of the court granting a new trial on the question of damages only. It appears from the record presented to this court that the action has been tried twice in the district court, the first time resulting in a verdict in favor of the plaintiffs for $151. That verdict was set aside and a new trial was granted. The second trial resulted in a verdict in favor of the plaintiffs for $250. In the judgment on the motion of the plaintiffs for a new trial on the amount of damages, the court said:

"Two juries having passed upon the question of negligence and found defendant guilty thereof, and the court being dissatisfied with the amount of damages allowed by the jury at each trial does find that the motion of the plaintiffs for a trial upon the question of damages only should be sustained and that the motion of the defendant for a trial upon all of the issues herein should be overruled."

Section 60-3004 of the Revised Statutes, in part, provides that—

"A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part, and the new trial shall be only of the issues as to which the verdict or decision appears to be wrong, when such issues are separable."

The statute contemplates that a trial court may grant a new trial on a specific issue. But should the new trial have been limited to damages only in the present action? The automobile in which Dallas E. Wagner was riding ran off the road fifty-seven feet before it reached the bridge. The absence of guard rails on the bridge contributed but slightly, if at all, to the accident. There was evidence which tended to prove that Dallas E. Wagner was driving the car, and that he was guilty of negligence which contributed to the accident. There is that in the record which indicates that neither of the juries which tried the action treated the evidence fairly. The amount of damages allowed, but little more than the actual expenses paid by the plaintiffs, was ridiculously small. The jury may have been, and probably was, influenced by the fact that Dallas E. Wagner might have been guilty of contributory negligence, and for that reason may have reduced the damages, desiring to remunerate the plaintiffs for the expense they had incurred, but not to give them any substantial damages for the death of their son.

The plaintiffs cite *Bracken v. Champlin,* 114 Kan. 882, 220 Pac. 1038, where this court ordered an action remanded to the district court to ascertain the amount of damages sustained by the plaintiff in that action and to render judgment accordingly; but in that action, on a motion for a modification of judgment of this court, it was ordered that the cause be remanded for a new trial as to all issues.

The nature of the accident which caused the death of Dallas E. Wagner, the evidence introduced on the trial, the amount of damages awarded, and the action of the court in setting aside the verdict as to that amount, convince this court that the entire verdict should have been set aside, and a new trial as to all issues should have been granted.

For that reason the district court is directed to set aside the verdict *in toto* and grant a new trial as to all issues.