CONCEZIO DEL SEJNORE, as Administrator of FRANK ANGELO, Deceased, Respondent, *v.* JAMES A. HALLINAN et al., as Surviving Partners of the Firm of HALLINAN BROS. & FENTON, Appellants.

NEGLIGENCE — MASTER AND SERVANT — DUTY OF MASTER. It is the duty of the master to guard his servant against such accidents in performing his work as, by the exercise of reasonable care, can be foreseen as liable to occur; but he is not liable for a personal injury sustained by the servant through an accident which prudent men, proceeding with reasonable caution, would not ordinarily have foreseen or anticipated.

*Del Sejnore* v. *Hallinan*, 91 Hun, 635, reversed.

(Argued May 13, 1897; decided June 8, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial department, entered December 7, 1895, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward W. Douglass* for appellants. The court should have granted the application for a nonsuit. There is no view of the evidence in which a recovery should be sustained. (*People* v. *Augsbury*, 97 N. Y. 505; *Needham* v. *L. & N.*

*R. Co.*, 3 S. W. Rep. 797; *Clement Case*, 20 N. Y. S. R. 196; *Cahill* v. *Hilton*, 106 N. Y. 512; *Devlin* v. *Smith*, 89 N. Y. 470; *Martin* v. *Cook*, 37 N. Y. S. R. 733; *Dobbins* v. *Brown*, 119 N. Y. 188; *Harley* v. *B. C. M. Co.*, 142 N. Y. 31; *Burns* v. *Matthews*, 40 N. E. Rep. 731; *Mancuso* v. *C. C. Co.*, 87 Hun, 520.) Plaintiff's intestate assumed the risk of the service. (*Collins* v. *Crimmins*, 11 Misc. Rep. 24; *Cook* v. *N. Y. C. & H. R. R. R. Co.*, 119 N. Y. 653; *Kranz* v. *L. I. R. Co.*, 123 N. Y. 5; *Evans* v. *L. S. & M. S. R. Co.*, 12 Hun, 292; *Owen* v. *N. Y. C. R. R. Co.*, 1 Lans. 108; *Mickee* v. *W. M. M. Co.*, 70 Hun, 456; *V. W. S. Co.* v. *White*, 24 N. E. Rep. 747; *Peterson* v. *City of Rushfort*, 42 N. W. Rep. 1063; *Griffin* v. *O. & M. R. R. Co.*, 24 N. E. Rep. 888; *Anderson* v. *Winston*, 31 Fed. Rep. 528.) Lack of contributory negligence on the part of plaintiff's intestate was not shown. Plaintiff is required to show affirmatively the freedom from negligence on the part of his intestate. (*Cahill* v. *Hilton*, 106 N. Y. 512; *Hart* v. *H. R. B. Co.*, 84 N. Y. 56; *Moody* v. *Osgood*, 54 N. Y. 488; *Mahon* v. *Burns*, 13 Misc. Rep. 19; *Leonard* v. *Collins*, 70 N. Y. 91; *Gibson* v. *Erie R. Co.*, 63 N. Y. 452; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 248; *Warner* v. *N. Y. C. R. R. Co.*, 44 N. Y. 465; *Hunter* v. *N. Y., O. & W. R. R. Co.*, 116 N. Y. 615; *Riceman* v. *Havemeyer*, 84 N. Y. 647.)

*Alonzo P. Strong* and *Louis M. King* for respondent. The evidence in this case shows that the defendants failed to exercise reasonable and ordinary care and prudence to protect their servant, the plaintiff's intestate, from a danger which was to have been reasonably apprehended by them, and that they omitted to use the ordinary and proper precautions to guard against such danger. The question of the defendants' negligence was, therefore, properly submitted to the jury, whose verdict, finding such negligence, is conclusive. (*Pantzar* v. *T. F. I. M. Co.*, 99 N. Y. 368; *Leonard* v. *Collins*, 70 N. Y. 93; *McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 280; *Van Steinburgh* v. *Thornton*, 58 N. J. L. 160; *Kooso-*

*rowska* v. *Glassor*, 8 N. Y. Supp. 197; *Perry* v. *Rogers*, 91 Hun, 243; *Fitzsimmons* v. *City of Taunton*, 160 Mass. 223; *Lynch* v. *Allen*, 160 Mass. 248; *Byrne* v. *B. C. R. R. Co.*, 6 Misc. Rep. 441; 144 N. Y. 705; *Doyle* v. *Baird*, 25 N. Y. S. R. 749; *Stuber* v. *McEntee*, 142 N. Y. 200.) The evidence shows that the defendant Chas. D. Fenton knew or ought to have known that this sewer trench had been excavated along the street, so as to be in close proximity to his trench. The finding of the jury that the defendants either had such knowledge, or should have had it, is conclusive. (*Perry* v. *Rogers*, 91 Hun, 243, 245; *McCall* v. *Witherbee*, 21 Wkly. Dig. 530; 103 N. Y. 654; *Bulkley* v. *P. H. Iron Co.*, 17 N. Y. S. R. 436; *Pantzar* v. *T. F. I. M. Co.*, 99 N. Y. 376; *McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 289; *Hillis* v. *Hine*, 11 N. Y. S. R. 656; *Swenson* v. *M. I. C. Co.*, 6 N. Y. Supp. 520.) The risk of this piece of iron slag caving into or falling in the ditch was not assumed by plaintiff's intestate as one of the risks incident to the work in which he was engaged. (*Perry* v. *Rogers*, 91 Hun, 243; *Pantzar* v. *T. F. I. M. Co.*, 99 N. Y. 376.) The evidence fully sustains the finding of the jury that the plaintiff was not guilty of contributory negligence. (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 65; *Galvin* v. *Mayor, etc.*, 112 N. Y. 223, 228; *Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 N. Y. 234, 245; *Doyle* v. *Baird*, 25 N. Y. S. R. 749.)

Haight, J. This action was brought to recover damages for injuries resulting in the death of the plaintiff's intestate, alleged to have been sustained through the negligence of the defendants.

The defendants, as contractors, were engaged in putting in a system of water works for the village of Fort Edward under the direction and supervision of an engineer employed by the village. The work comprised the building of a reservoir and the laying of pipes for the distribution of water through the village. On the 27th day of June, 1893, the plaintiff's intestate, with others, was engaged in excavating a trench through

East street for the purpose of laying a water pipe in that street. The work was conducted under the personal supervision of the defendant Fenton, who, in company with the engineer of the village, was present, observing the manner in which the work was being done. The trench was five and one-half feet in depth, thirty inches wide at the top and twenty inches at the bottom. The soil through which the trench had been dug was of dry sandy loam. The surface of the street was composed of a layer of furnace cinders, iron slag and scoriæ, the refuse from a furnace which had been spread upon the street from time to time, and which, by the action of time, the elements and travel, had combined into a hard, tenacious, solid mass. This layer, upon the surface, was from eighteen inches to two feet in thickness, and was so hard and tenacious as to necessitate the use of picks, steel wedges and sledges in order to cut the trench through the incrustation. Between ten and eleven o'clock in the forenoon of that day, a piece of the incrustation, some thirty or thirty-five feet in length, varying from thirty inches to ten inches in width, tipped over into the trench on to the plaintiff's intestate and another person who were at work therein, killing them and causing the damages for which this action was brought.

It appears that two years before a sewer had been constructed in the street between the water trench and the curb. The evidence is somewhat conflicting as to the distance of the sewer from the water trench. There was evidence tending to show that the two trenches were not more than thirty inches or three feet apart, while other evidence made the distance much greater. It appeared that there were several catch basins in the gutter, next to the curb of the street, from which pipes led into the sewer, but there was no other evidence showing that the defendants, or either of them, knew of the existence of the sewer or of its location in the street, or the time of its construction. The theory of the prosecution was to the effect that the cutting of the sewer trench through the incrustation severed the binding force of the slag and scoriæ from the rest of the surface towards the gutter, and that when the water

trench was cut through the incrustation it left a narrow strip thereof between the two excavations, liable to slide off into the trench. It was upon this theory that the court submitted the case to the jury, charging that, in order to hold the defendants liable, the digging of the sewer ditch must have contributed to the injury ; that it was for them to determine whether the defendants knew, or ought to have known, the condition of the street with reference to the sewer and the incrustation upon the street. The defendants had furnished planks and braces with which to shore up the trench, and had instructed their employees to keep a watch for any cracks or evidence of a giving away of the earth, and, upon the discovery of any tendency in that direction, to immediately shore up the walls of the trench. It further appeared that a careful watch had been kept, but that nothing had been observed tending to indicate the approaching calamity. The witness Quintena was a civil engineer in the employ of the village, superintending the work on behalf of the village. He testified that it was a part of his duty to look after the safety of the work, and with reference to the necessity of shoring the trenches in case of danger, and that at no time did he observe anything indicating a liability of the banks to slough off or cave in. Here we have the testimony of a disinterested witness, an engineer whose duty it was to look after the interests of the village and of the public. He had charge of the construction to the extent of seeing that the defendants performed the work properly and in accordance with the provisions of their contract, and yet to this man it did not occur that there was danger.

A sad accident has occurred. It was the duty of the defendants to guard against such accidents as could be foreseen as liable to occur by the exercise of reasonable care, but, under the evidence as viewed by us, the accident was of such a character that prudent men, proceeding with reasonable caution, would not ordinarily have foreseen or anticipated, and consequently the defendants are not chargeable with negligence.

Inasmuch as we have fully considered the authorities bearing upon questions of this character in the recent case of *McGrell* v. *Buffalo Office Building Co.* (153 N. Y. 265) a further discussion of the law here is deemed unnecessary.

We think that the defendants' motion for a dismissal of the complaint should have been granted.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.