Summers, J
A carrier of passengers is not an insurer of their safety. Where, however, the danger of loss of life or limb from any *290 defect in the vehicle or negligence in operating it are great, the carrier in those respects is bound to provide for the passenger’s safety as far as human care and foresight will go; but in respect to its stations and grounds and in matters where no such serious consequences are to be apprehended, the duty resting upon the carrier is to exercise ordinary care, that is,such careas prudent men are accustomed to exercise under similar circumstances. Pitts. Ft. W. & C. R. W. Co. et al. v. Brigham, 29 Ohio St., 374; McDonald v. Chicago and N. W. R. R. Co., 26 Iowa, 124; McGrell v. Buffalo Office Building Co., 153 N. Y 265, and cases cited.
The court charged the jury that “it was the duty of the defendant company, as a common carrier of passengers, to furnish a reasonally safe passage for its passengers going to and from the trains, and a reasonably safe place for getting on and off its trains, and to have its platform reasonably sufficient and safe in all respects, to be used by its passengers in getting on or off its trains. It is not necessary that it should be perfectly and absolutely safe; so great a degree of perfection is usually impracticable; but it must be reasonably safe and sufficient for all persons using it, who are themselves m the exercise of ordinary and reasonable care. Such lights as are necessary to render the use of the platform and the passage over it from the cars reasonably safe, should be at or about the platform, when passengers are leaving the train.
“If the accident happened without any negligence on the part of the defendant alleged in the petition, the plaintiff cannot recover,though she may have used ordinary care and prudence. The defendant is not an insurer of the safety of its passengers, and is not liable for accidents not due to its negligence.
“It was the duty of the railway company to see that there was sufficient light at the point' where plaintiff attempted to get off the car to enable her, by the exercise of reasonable care on her part, to do so in safety; but it is immaterial how or by whom the light was furnished,and if you find that the light so furnished was sufficient to enable her by the exercise of reasonable care and caution to get off in safety,then the plaintiff cannot recover, whether the light came *291 from the lamps in the depot,or lights in the car, the brakeman’s lantern, or the street light, or from all combined.
“It was the duty of the railway company to use ordinary and reasonable care in having the platform and steps lighted so that the plaintiff using ordinary and reasonable care on her part could alight in safety; on the other hand it was equally the duty of the plaintiff in descending from the car to the station platform.to use ordinary and reasonable care-in view of all the circumstances to avoid receiving injury.
“While it was the duty of the railway company to see that, the steps and platform were sufficiently lighted to enable the plaintiff to get off in safety, yet its failure in that respect would not excuse the plaintiff from the duty of exercising-reasonable care and caution on her part,and if you find that when the plaintiff started down the steps of the car, the-steps and platform were not sufficiently lighted to enable the plaintiff to see her way, but .that the brakeman was standing with a lighted lantern within a few feet of her, apparently for the purpose of assisting passengers to alight, but that the lantern was so held as not to shed light on the-steps and platform, then it was the duty of the plaintiff in the exercise of reasonable care to proceed down the steps with care and caution proportioned to the danger arising-from the want of sufficient light, and to use ordinary care and prudence for her own protection and safety.”
These charges do not accurately state the law. They assume that lights were necessary to make the car steps and station platform reasonably safe for use by passengers. It may be contended that these charges impose the duty to-light the steps and platform only if necessary to make them safe, and that the implication is that it was not defendant’s-duty fo furnish any light if it was safe to use the platform- and steps without such light. The jury could not have so-understood the charge. The principal contention was whether the steps and platform were lighted,and the attention of the jury was not directed to the question whether the passage to and from the ears was reasonably safe without any artificial light,, and the jury might well assume that they were warranted in finding the defendant negligent if they found that it had not lighted the steps and platform. There are many stations where no light at all is furnished that are- *292 ■reasonably safe for passengers,and are safely used by many, and the testimony in this case is that this station and platform were constructed and lighted as is usual at similar places.
It cannot be said as a matter of law that it is the duty of the •carrier to light every station. His duty is to do what prudent men engaged in like business usually do or should do under ■similar circumstances. That is the standard by which it is to be determined whether he was negligent, and if the jury •should be unable to find that under similar circumstances prudent men usually lighted or would light such places,or lighted them better, or that this place without a light, or without more light, was not reasonably safe for use by passengers in the exercise of ordinary care, then it was its duty to find for the defendant.
Patten v. The Chicago & North Western Ry. Company, 32 Wis. 524; L. N. A. & C. R. W. Co. and T. St. L. & K. C. R. R. Co. v. Treadway, 143 Ind., 689, and Gaynor v. Old Colony and Newport Ry. Co. 100 Mass., 208, are cited contra, but they are not in accord with the decision ■of our supreme court previously cited.
But the last three of these charges, excepting as hereinafter noticed, were given at the request of the defendant, and the giving of them therefore is not reversible error.
The last charge as requested by the defendant concluded with an instruction that in the event the jury found the facts therein narrated,it was the duty of the plaintiff to request the brakeman to shift his lantern so that she could see. This would not be so unless she should have apprehended danger It does not appear that she had any reason to do so. She bad used the station on previous occasions. It does not appear that she had observed that the steps did not overlap the platform and that there was a small space between them. It is not charged that the platform was faulty, and for aught that appears she may have been without fault in assuming that she could safely step off without seeing the platform; and even if she had never been at the place before,and did not know that there was a platform there, it might very properly be held to be a question for the jury whether she was not, in the absence of any warning from the brakeman, justified in walking by faith. *293 The cases are in apparent conflict on the question of the admissibility of testimony that no similar accident bad happened,
In Temperance Hall Association of Trenton v Giles, 33 N. J. L., 260, Depue, J. says: “It would not be competent for the party suing, to prove, as tending to show that it was a nuisance, that at other times other persons fell into the excavation. Collins v. Inhabitants of Dorchester, 6th Cush. 396; Hubbard v. Androscoggin & Kennebec R. R. Co., 39 N. E. 506. Nor is it competent for the defendant to introduce evidence that other persons,at other times, when the area was in the same condition, passed the place complained of without receiving any injury. Aldrick v. Inhabitants of Pelham, 1 Gray, 510; Kiddar v. Inhabitants of Dunstable, 11 Gray, 342. The reason for excluding all evidence of this character is, that it would lead to the trial of a multitude of distinct issues involving a profitless waste of the time of the court, and tending to distract the attention of the jury from the real point in issue, without possessing the slightest force as proof of the matters of fact involved.”
In Phillips and Wife v. The Town of Willow, 70 Wis. 6, 9,where plaintiff’s sleigh was overturned by a stone.and the question was whether the stone was in the traveled track of the highway and constituted a defect therein, and where it is held that evidence of similar accidents at the same place was inadmissible, Cole, C. J. says: “It is apparent that if his testimony was relevant to prove a defect, as was said in the Bloor case, it would have been competent to show that those persons were not driving carefully, or had skittish teams; also that hundreds had passed over this highway in safety with carriages, notwithstanding the alleged defect. So, issue after issue would be raised, and facts collateral to the issue made by the pleadings would multiply; the main issue forming new ones, and the suit itself expanding like the banyan tree of India, whose branches drop shoots to the ground which take root and form new stocks until the tree itself covers a great space by its circumference.”
See also Moore v. City of Richmond, 85 Va. 538, where testimony that plaintiff’s witness fell into the same hole the *294 same night is held collateral and inadmissible. Langworthy v. Green Tp., 88 Mich., 207, that it is not error to reject testimony that no one had been previously injured by a log-in the highway. Hodges v. Bearse, 129 Ill., 87, where it is held proper to refuse evidence that no previous accident had happened to the elevator during the four and a half1 years it had been in use. Branch v. Libbey, 78 Me. 321, where it is held error to admit evidence that other persons-had passed safely over an alleged defective street crossing. Bremner v. Newcastle, 83 Me., 415, a defective highway. Hudson v C. & M. W. R. R. Co., 59 Iowa, 581, where evidence of a similar accident at a railroad crossing was held incompetent.
On the other hand, in Lombar v. East Tawas, 8 Mich. 14, 20; McGrath, J. says: “The fifth error assigned is the admission of testimony that others had stepped into the same hole in the walk before the time of plaintiff’s injury. Although there is a conflict of authority upon the question, yet, in my judgment, the testimony was admissible. The character of the walk in question was the subject of inquiry, to which attention was directed by the action, the pleadings and the proofs. This testimony is clearly competent as bearing upon the existence and character of the defect complained of, and defendant should have been prepared to meet any proof aimed in that direction. Testimony of this character clearly tends to show the existence and nature of the defect in the walk. It may also tend to show constructive notice to defendant; and where the accident results in death or great bodily injury, it may, by reason of its publicity, tend to show actual, notice to the municipality. It is not competent to show the exercise of reasonable care by the plaintiff, and should not be admitted for that purpose; but when testimony is admissible for one purpose and inadmissible for another, its improper application by the jury may and should be guarde.1 against by proper requests limiting it to its legitimate purpose. Counsel for plaintiff, in offering the testimony, distinctly stated that he offered it for the purpose of showing the existence of the hole at that time; and for this purpose it was clearly admissible. Prom an examination of the cases, it will b3 seeu that the force of the argument against the. *295 admissibility of this class of testimony is materially lessened when the testimony is restricted to its legitimate purpose.”
In Field v. Davis, 27 Kan., 400, 405, where plaintiff’s mules had backed him out of defendant’s elevator, and the-question was whether - the defendant was negligent in not providing a barrier, Valentine, J.- says: ‘‘The main question involved in the present case is, whether the elevator and the east approach thereto were reasonably safe for teams with .loaded wagons to be driven up the approach and into the elevator and unloaded; or in other words, were they such as a reasonably prudent person exercising reasonable diligence, would consider safe for the-purposes for which they were designed? And it seems to us that proof that thousands of teams, with loaded wagons, had for a period of five years been driven uja the inclined plane and into the defendant's elevator and unloaded and' the teams driven out again, and that no accident had ever before occurred, would be some evidence that the inclined plane and elevator were reasonably safe for that purpose, and that a reasonably prudent person, exercising ordinary-diligence, would consider them safe; and for this reason we think the evidence is competent. If an accident had ever-before occurred at that elevator, it would have been an easy matter for the plaintiff to have ascertained the fact, and to have shown it to the jury.” * * * ‘‘It would seem from the evidence that no such thing had ever before-happened. Not even the railing had ever before been injured to any extent. This would seem practically to-prove that -the inclined plane and the elevator, with all their appliances and accompaniments, were reasonably safe. Of course, independent facts, not tending to prove any issue in ths case, are not admissible in evidence; but' facts which do tend to prove some issue in the case, although seemingly independent, are admissible, unless they are incompetent from some other reason than merely that they are independent facts.”
In the City of Topeka v. Sherwood, 39 Kan. 690, 695, a case of a defective sidewalk, Holt, O, says: ‘‘When the question of the proper condition or safety of' anything constructed is to be determined, evidence tending; *296 ■to show that it served the purpose for which it was designed ■ is always competent, and often the most satisfactory and conclusive in its character. On the other hand, evidence to show that frequent and repeated accidents resulted from its use, would be testimony tending to show that it was not ..properly constructed.”
In District of Columbia v. Armes, 107 U. S., 519, it is 'held, in an action to recover for injuries from a defective sidewalk, that evidence of similar accidents at that place is ■competent as tending to prove the defective condition of the ■sidewalk and knowledge by the city of its condition, And on page 525, Field, J. says: “The frequency of accidents at a particular place would seem to be good ■evidence of its dangerous character, at least, it is some evidence to that effect. Persons are not wont to seek such places, and do not willingly fall into them. Here the character of the place was one of ths subjects of inquiry to which attention was called by the nature of the action and the pleadings, and the defendant should have been prepared to show its real character in the face of any proof bearing on that subject.”
In Calkins v. City of Hartford, 33 Conn., 57, it is held that evidence that others safely passed over ice on a sidewalk when the ice was in the same condition as when the plaintiff received her injury ■ is admissible to show that it was not dangerous to one using ordinary care. In Doyle v. St. Paul, Minneapolis & Manitoba Ry. Co. 42 Minn, 79, it is held, when the conduct of a railroad company is not ■ obviously dangerous, proof may be made that the conduct in question is in accordance with the general custom of ■ other railroads under like circumstances,as tending to prove that it had exercised such care as ordinarily prudent men ■are accustqmed to exercise under like circumstances; and when a thing is not obviously dangerous,that proof may be made that in long and constant use of it an accident had been unknown, as tending to prove that the company was not negligent in not anticipating an accident from its use. In the Oity of Bloomington v. Legg Admr., 151 Ill., 9, where the accident resulted from a horse’s bridle catching on the spout of a drinking fountain, evidence of similar accidents is held competent as tending to prove that the foun *297 tain was dangerous, and knowledge of it by the city. In Fraser and Chalmers v. Schoder, 163 Ill., 459, such evi- • dence was held competent to show that certain machinery - when unskillfully handled was dangerous. In Mo. Pacific Ry. Co. v. Niswanger, 41 Kan., 621, evidence of a similar' accident was held competent as tending to prove negligence with respect to a railway station. In Kent v. Town of Lincoln, 32 Vt., 591, such evidence is held competent as tending to show the fitness or unfitness of a highway for public travel, In Mathews v. The City of Cedar Rapids, 80 Iowa, 459, Hudson v. Railway Company, supra, is followed, but Granger, J. in the opinion, said if the question was an open' one in that court, some of its members might take a different view. In Cleveland v. New Jersey Steamboat Co., 68 N. Y. 306, 310, Folger, J., says: ‘‘A carrier of passengers is not bound to foresee and provide against casualties never before known and not reasonably to be expected. * * * Hence his duty is not to be estimated by what, after an accident, then first appears to be a proper precaution against a recurrence of it, * * * * There is no proof that such an accident,or one like it in any of its features or causes, ever took place before. * * * If it be conceded that the occurrence of just the same thing-again would be an act of negligence, it is still to be ascertained that it was one which on that, or any evening, was then reasonably to be anticipated, and which the defendant-ought to have expected, as liable to take place in the natural course of things.” Experience had not shown that such-an accident ever had happened; the danger was not obvious, consequently the defendant was not negligent in not apprehending it, and the conclusion reached was that there was error in overruling the motion to non-suit.
Loftus v. Union Ferry Co. of Brooklyn, 84 N. Y., 455 is to the same effect, and in the opinion Andrews, J, says:-11 If the structure was intrinsically insecure, the fact that it had been used without injury before this would not exempt the company from responsibility, when an accident did happen from its defective condition.” The learned judge-evidently meant obviously insecure.'
In Laflin v. Buffalo and South-Western R. R. Co. 106, N. Y. 136, it is held: ‘‘As a general rule, where an appli— *298 . anee, machine or structure, not obviously dangerous, has been in daily use for years, and has uniformly proved adequate, safe and convenient, it may be continued without the imputation of negligence,” The case upon the facts is much stronger than the one under consideration, In that case there was not more light than here; the platform was higher than the lower step of the car and nineteen inches therefrom, and the plaintiff in attempting to step from the second step of the car to the platform missed it and fell. In the opinion on page 139, Earl, J., says: ' “It was not bound so to construct this platform as to make accident to passengers using the same impossible, or to use the highest degree of diligence to make it safe, convenient and useful. It was bound simply to exercise ordinary care, in view of the dangers attending its use, to make it reasonably adequate for the purpose to which it was devoted In the case of a platform which had always been safe, and answered its purpose, for men, women and children, and in all kinds of weather, by night and by day, for many years, what was there to suggest to any prudent person any change or improvement for the purpose of making it more safe or convenient?” Again he says: “On the evening when this accident happened, the evidence tends to show that it was dark, and that the platform was not plainly visible. It was somewhat lighted by light which came from the ear windows, the depot windows and the lantern in the hands of the conductor; and it does not appear that it was ever lighted in any other way, or that it was usual to light such platforms in any other way. The fact that it was dark made it incumbent upon the plaintiff .to take the greater care. She should have kept hold of the iron railing until her foot touched the platform, and then she would have been safe, It was not the duty of the defendant to furnish some one to help her in alighting from the car,” And it is held that the defendant was not liable.
In Frobisher v. Fifth Avenue Trans. Co., 151 N. Y. 431, where it was averred that an accident to a passenger on an omnibus was caused by a step with an open back, it appearing that such steps were in general use and that no similar accident had happened,it was held that the defendant was not liable. To the same effect are McGrell v. Buffalo Office *299 Bldg. Co. 153 N Y., 266, an elevator accident, and Del Segnore v Hallinan, 153 N.Y. 274, an accident in a trench.
No attempt has been made to collect the cases. Some of those referred to cite and consider others. In the New York cases the precise question is not made, but the reasoning of the court in each case proceeds upon the assumption that such evidence tends to show due care.
In Temperance Hall Association of Trenton v. Giles, supra, page 263, Depue, J. says: “It is not practicable to lay down any principle by which a judge should be governed- in determining whether any class of facts offered to be proved, comes short of the requisite of affording a reasonable presumption as to the matter in issue, but the inclination of the cases is to exclude all proof of facts which are res inter alios acta, unless their probrtive force, as presumptions, clearly appears, for the obvious reason that the other part) cannot be presumed to meet such proof by counter proof, as to the truth of the fact offered. When such evidence is offered, everything depends on the nature of the case, to sustain which, or against which the evidence is offered,”
It may not be practicable to lay duwn a rule so definite as to be easily applied, but that a rule may be prescribed is determined in Brewing Company v. Bauer, 50 Ohio St., 660, where it is held that: “Any fact is admissible in evidence, though collateral to the main issue, which tends to prove or disprove the matter of fact in dispute.”
In that case it was held competent to show a similar accident as tending to prove the dangerous character of a machine-and the employer’s knowledge of it, and much of the reasoning of the judge writing the opinion supports the conclusion here reached.
If it is competent to show a similar accident to prove that a machine is dangerous and the employer’s knowledge of it, certainly it is equally competent where a machine is not obviously dangerous, to show that during a long period of use no similar accident has happened as tending to prove that its owner had no knowledge of its dangerous character, and was not negligent in not apprehending danger from its use.
The question here is whether the carrier had fulfilled his *300 duty to provide reasonably safe accomodations, that is, whether in that respect he had exercised that prudence and foresight that a man of ordinary prudence would have exercised under similar circumstances, and in determining that question, the danger not being obvious, what stronger evidence could be offered that he was not guilty of negligence in not apprehending such an accident, than evidence that in daily use during a long period of time under like conditions no similar accident had happened?
Watson, Burr & Livesay, for Plaintiff in Error.
Powell & Minahan, for Defendant in Error.
For these errors the judgment is reversed and the cause remanded for a new trial.