The order of the Appellate Division, therefore, should be reversed and the judgment of conviction affirmed.

HISCOCK, Ch. J., CHASE, COLLIN, POUND and ANDREWS, JJ., concur; CARDOZO, J., absent.

Order reversed, etc.

---

FREDERICK PYNE, an Infant, by ALICE P. MATHER, His Guardian ad Litem, Respondent, v. THE CAZENOVIA CANNING COMPANY, Appellant.

Negligence — master and servant — facts examined, and held, that there is no evidence showing how the accident happened or that the injuries of plaintiff were the probable consequences of the alleged negligence of the defendant.

1. Where the cause and the manner of the happening of an accident are occult and unintelligible, the accident itself could not have been reasonably forecast or apprehended by the master, and does not subject him to liability for negligence. He is not answerable for an extraordinary result from his conduct.

2. The action is servant against master to recover damages for the alleged negligence of the defendant in permitting a belt to so hang from a revolving shaft as to cause personal injuries to the

plaintiff.   On examination of the evidence it appears that there is no evidence within the record tending to prove that the injuries to plaintiff, or injuries of a like general character to other employees similarly situated, were the probable consequences of permitting the belt to hang as it did.   The accident itself is not such evidence, nor does the fact of the accident carry with it any presumption of negligence on the part of the employer.

*Pyne* v. *Cazenovia Canning Co.*, 165 App. Div. 943, reversed.

(Argued  December 6, 1916; decided  February 27, 1917.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 19, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William  H.  Harding* and *Jacob  G.  Smith* for appellant.

*Daniel J. Seubert* for respondent.

Collin, J.  The action is, servant against master, to recover damages for the alleged negligence of the defendant in permitting a belt to so hang from a revolving shaft as to cause personal injuries to the plaintiff.   The Appellate Division by a decision not unanimous affirmed the judgment consequent upon the verdict of the jury in favor of the plaintiff.   If there was no evidence that tended to support the verdict, the submission of the case to the jury was error.   (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86.)

The facts determinative of the question presented to us, as the jury might have found them, are: The plaintiff at the time of the accident, July 26, 1913, was seventeen years of age.   He was, and had been for nearly a month, an employee of the defendant in its canning factory.   In the afternoon of that day he went from the part of the factory where his work was to a part then not used, but

through which ran the shaft which furnished the power to the machines in the used part. The shaft was two and three-sixteenths inches in diameter and was six feet and nine inches above the floor. A belt, which when in use extended from a pulley fixed to the shaft to a pulley fixed to a machine upon the floor was hanging from the shaft and was tied at its lower end into a knot which was about three feet from the floor. It was of the ordinary type, was two inches wide and three-sixteenths of an inch thick. It then was and through the months last prior had been in disuse. The shaft was revolving at the rate of between one hundred and seventy and two hundred and fifty revolutions a minute, causing the knot in the belt to rise and fall through the space of three or four inches. The plaintiff stood five minutes or more a foot and six inches from the belt talking with two young men, who stood right in front of him. The belt crept upon the shaft toward him and swayed slightly. His left arm, slightly bent at the elbow, and back were towards the belt. He testified: " I was standing there talking with Paul Brown (and Leslie Jones) and I felt a pressure on my left elbow and it tightened and then I felt myself begin to raise and I reached for the belt and I went still higher and grabbed with my hand out for the pulley and it was twisted right around the belt, that is as near as I can remember, as near as I can figure out. * * * I was bound right around the shaft by the belt." He further testified that the pressure was right at the corner of the elbow, was sudden, lifting him from the floor a little ways; then he grabbed the belt with his left hand and went still higher.

The expert witnesses of the parties were in contradiction as to the possibility of the happening of the accident as described by the testimony of the plaintiff and his witnesses. The trial justice, after charging the jury that the provision of the Labor Law [Cons. Laws, ch. 31] (section 81) required all belting within seven feet of the floors to be " properly guarded," said: " It is only against such

accidents that may reasonably be expected to occur that he (the master) is bound to guard even the machinery enumerated in the statute. 'Properly guarded' has been construed (by the courts) to mean guarding against an accident which may be reasonably apprehended or liable to occur." This was correct. (*Wynkoop* v. *Ludlow Valve Manfg. Co.*, 196 N. Y. 324.)

The evidence, the briefs and the arguments of counsel do not present an intelligible explanation or theory concerning the cause of the accident or the manner in which it was effected. The counsel for the respondent in his brief and in his argument deems it necessary to enlarge the evidence by facts which the record does not contain. It may be, he states, in effect, that as the plaintiff felt a pressure and tightening on his elbow he grabbed both sides of the belt and formed a tension and purchase. It is possible, he states, that the weight of the elbow bearing down on the belt when it tightened caused his first elevation and, in an endeavor to save himself, "he may have accomplished the twisting that all of us concede would cause the belt to raise him." The trial court charged: "It is undisputed that he did go up on that shaft, and that this belt took him there. He got there no other way. There is no other inference you can find from this evidence, but the question for you is how did he get there; what was the cause. Was it this belt dangling there and catching his elbow, or was it something he did with that belt? When this belt caught on his elbow was he leaning over it? Was he twisting around on it so that when it reached this shaft above it made a complete purchase to the shafting and turned the belt with it?" The accident itself does not reveal or enable either the counsel or the courts to understand or comprehend how the belt caused the injuries to the plaintiff. The wisdom which comes after the event does not explain the operation of the belt which the prescience of the defendant should have apprehended as likely to pro-

9

duce those or similar injuries. The action of the belt in raising and carrying the plaintiff to the shaft as described in the testimony was so exceptional and unusual that the accident does not disclose its cause, and the testimony of the expert witnesses as to whether it could have happened as described is conflicting. The evidence does not tend to show that such action was the consequence which ordinarily follows from such condition of a belt, or was more likely to follow than not to follow therefrom. It tends to prove the opposites. There is not any evidence within the record tending to prove that the injuries to the plaintiff, or injuries of a like general character to other employees similarly situated, were the probable consequences of permitting the belt to hang as it did. The accident itself is not such evidence. The fact of the accident carries with it no presumption of negligence on the part of the employer. Where the cause and the manner of the happening of a described accident are occult and unintelligible, the accident itself could not have been reasonably forecast or apprehended by the master and does not subject him to liability for negligence. He is not answerable, as being negligent, for an extraordinary result from his conduct. (*Kern* v. *De Castro & D. S. R. Co.*, 125 N. Y. 50; *Del Sejnore* v. *Hallinan*, 153 N. Y. 274; *Paul* v. *Consolidated Fireworks Co.*, 212 N. Y. 117; *Powers* v. *Wyman & Gordon Co.*, 199 Mass. 591; *Gosney* v. *Louisville & N. R. Co.*, 169 Ky. 323; *Hall* v. *New York Telephone Co.*, 214 N. Y. 49.)

The judgment should be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment reversed, etc.