HADWIN W. RICHARDS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31394.)

Court of Claims, January 11, 1954.

*Benjamin M. Gingold* and *Morris Garber* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Lawrence H. Wagner* of counsel), for defendant.

MAJOR, J. This claim was filed to recover damages for personal injuries alleged to have been sustained by the claimant by reason of the negligence of the State of New York. The claimant was committed to Attica State Prison by Honorable LEO W. BREED, Onondaga County Judge, on a charge of abandonment of his children (Penal Law, § 480), and he was received at the prison on August 8, 1949. About two weeks after his admittance, he was assigned to work in the metal shop as a punch press operator.

On December 7, 1949, claimant, while an inmate of Attica State Prison, was put to work on an electric-powered punch press, which notched sheets of steel to be used as shelves for lockers.

The claimant testified that between 10:30 A.M. and 11 o'clock in the morning of that day, he completed an assigned job and left the machine. Another inmate, Spencer Clark, known as the

setup man, adjusted the machine; and during this interim, according to claimant's statement, he was in the metal shop seated with his back to Clark, talking with other inmates, and he could not see what Clark was doing. When the press was set up for the necessary operation, Clark called and the claimant returned to the machine.

There was a metal table about thirty inches in height on the left of this press, and another similar table about six inches higher on its right side. Claimant testified that when he came to his press, he saw about twenty-six sheets of steel, twenty-two to twenty-four gauge, about fifteen by twelve in size, piled up on the right front portion of the left table with two pattern sheets which had been cut by Clark in setting up the machine on top. Claimant further testified that he did not place the sheets of steel on the table and did not know who did. When claimant picked up the two pattern sheets from the top of the pile and turned to the right to hand them to Clark to be placed on the right table, the pile of sheet metal fell on claimant's left foot, injuring the big toe and the toe next to it. At this time, claimant was wearing ordinary leather prisoner's shoes.

The claimant was the only witness sworn in his own behalf as to how this accident happened, although it appears that Spencer Clark, the setup man, and other inmates were present in the metal shop at the time of the accident. The claimant failed to establish the position of the plates before he removed the two pattern plates, and he also failed to prove or explain what caused the plates to fall on his left foot.

This claim is based upon allegations of negligence and before any recovery, the claimant must prove that the accident was caused by the negligence of the State of New York, and that he was free from contributory negligence. The mere happening of an accident carries with it no presumption of negligence on the part of the State. (*Pyne* v. *Cazenovia Canning Co.,* 220 N. Y. 126.) Negligence cannot be inferred from the fact that an accident happened, nor can it be left to guess, speculation or surmise. (*Lahr* v. *Tirrill,* 274 N. Y. 112.)

Although a prison inmate assumes no risk of employment, this does not give him the right to abandon all caution. Assumption of risk ought not be confused with contributory negligence. Litigants whose complaints have resulted from accidents occurring to them while they were in the State's custody have never been absolved from the requirement of establishing their own freedom from contributory negligence. (*Melton* v. *State of New York,* 99 N. Y. S. 2d 737.)

One of the specific acts of negligence with which the claimant charges the State is that "it failed to duly furnish claimant with proper and necessary medical care and attention" and, for this reason, we desire to dispose of this question separately. From the claimant's testimony on this point, it appears that he wanted to have the court infer that he was not given prompt and proper medical treatment and care after the accident. However, the claimant failed to present any proof whatsoever that the medical services rendered to the claimant were inadequate or improper or that the treatment rendered was not in accordance with the established medical practice. Therefore, the claimant failed to establish any liability on the part of the State under this allegation.

From the credible evidence presented in this case, we find that the claimant has failed to prove that the State was negligent in any manner in causing the accident in question; and the claimant has also failed to prove his freedom from contributory negligence. The claim herein is dismissed.

The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.