### THE CITY OF TOPEKA v. SARAH L. SHERWOOD.

1. PETITION, *Amended; Right of Defendant.* Where the court permits a plaintiff to amend her petition by simply increasing the amount of recovery asked for, it is not error to refuse to allow a defendant time in which to file an amended answer thereto.

2. DEFECTIVE SIDEWALK—*Damages—Action—Parties.* In an action against a city to recover damages for injuries on account of a defective sidewalk put down by an adjacent lot-owner, such lot-owner is not a necessary party to the determination of the action.

3. OPINION EVIDENCE, *When Not Prejudicial.* It is error to permit a witness to give his opinion of whether a sidewalk is dangerous and unsafe; but where immediately before he had described it in detail, and at length, and from such description no other inference could have reasonably been drawn than that it was unsafe and dangerous, such opinion evidence will be presumed, under all the circumstances of this case, to have not materially prejudiced the opposite party.

4. EVIDENCE—*Sufficient Objection.* An objection assigned to the introduction of incompetent evidence that it was "incompetent, irrelevant, and immaterial," is sufficient.

5. ——— *Proof of Similar Accidents.* In an action against a city to recover damages for injuries received from a fall on a defective sidewalk, it is competent for the plaintiff to show that while the walk was in the same condition similar accidents had occurred at the same place.

6. ——— *Proof of Similar Accidents.* Where a sidewalk adjacent to a lot is built of unsuitable material and is defectively constructed, accidents which have happened on that part of the walk so built may be shown, although they did not happen at the precise spot where the plaintiff was injured.

*Error from Shawnee Superior Court.*

ACTION by *Sherwood* against *The City*, to recover damages for personal injuries. Trial at the September term, 1886, and verdict for plaintiff for $2,035; new trial denied defendant, and judgment in accordance with the verdict for the plaintiff. The defendant *City* brings the case to this court. The facts, so far as they are material, are stated in the opinion.

*W. A. S. Bird*, city attorney, for plaintiff in error; *G. B. Andrews*, of counsel.

*Overmyer & Safford*, for defendant in error.

Opinion by HOLT, C.: This is an action for damages for personal injuries alleged to have been sustained by the defendant in error by reason of a fall on a sidewalk on Laurent street, Topeka, on the 25th day of December, 1884. In 1883, the First Congregational church put down a sidewalk in front of its lot on Laurent street. It was built of oak plank which came off the bridge over the Kansas river. The planks were warped and of uneven thickness, having been worn from use on the bridge, and were so hard that when the sidewalk was laid down they were not all nailed through into the sleepers or stringers beneath, but the nails were driven down each side of the plank to fasten them — "toe-nailed," as one witness stated it. The planks soon became loose, and the sidewalk was repaired in the summer or fall of 1884, by nailing and spiking down the loose planks. On the day the plaintiff was injured, she was walking along the street going east, and met three gentlemen going west. As they were passing her in single file one of them stepped upon the end of a plank outside of the stringer, and it being loose flew up, and she, tripping her foot against it, was thrown down, her left arm dislocated at the shoulder, and she was otherwise injured in her left side. There was considerable evidence offered as to the extent of her injuries.

In the original petition filed she asked for a judgment for $2,000; but upon the day but one before the trial, she asked leave and obtained permission of the court to amend her petition in this particular only: that its prayer would be for $4,000 damages, instead of $2,000. The defendant then asked for thirty days to answer the amended petition, which was refused by the court, and it was tried upon the day it was set for trial. This is alleged as the first ground of error. The amendment was wholly within the discretion of the court, and we see no error in granting the request of plaintiff, nor in refusing to allow defendant to file an answer to the amended petition. No allegation of fact was changed; there could have been no greater latitude

1. Petition; amendment within discretion of court.

in introducing testimony and proving her case under the petition as amended than there was under the original one.

Another objection made by the defendant is, that it asked that the First Congregational church be joined as co-defendant in this case, which was overruled by the court.

**2. Lot-owner not joined as co-defendant.** This was correct. (*Jansen v. City of Atchison*, 16 Kas. 358.) The plaintiff might perhaps have had a cause of action against the church for damages; she certainly had against the city. She elected to bring her action against this defendant; she had a right to choose the party she wished to pursue. The Congregational church put down ·an unsafe and dangerous sidewalk; yet it was negligence for the city to permit it to remain in that condition. It is the duty of the city to see to it that its streets and walks are in a reasonably safe condition for the purposes for which they were intended; and if injury result from a dangerous sidewalk, of which the city has notice, it will be liable in damages, though constructed by a lot-owner.

The third ground of complaint is, that the court erred in overruling the demurrer to plaintiff's petition. The same question is also presented by an objection to the introduction of any testimony under it. The defendant claims there was no allegation in the petition that it had notice of the defects,

**Sufficient petition.** if any, in the sidewalk. We think the petition is amply sufficient. It avers that on the 25th day of December. and for a long time, to wit, six months prior thereto, the city knowingly, negligently and unlawfully suffered a certain sidewalk to be out of repair, which caused the injury to plaintiff. It will be presumed that the city had notice of a dangerous sidewalk upon·one of its streets, after it had remained in that condition six months. The other complaint to the petition, that it was insufficient because it failed to state that this accident happened without fault of the plaintiff, can be disposed of by simply saying that the petition alleges that, at the time the accident occurred, she was using due care.

The next objection urged is a more serious one. The court

permitted J. M. Smith, plaintiff's witness, to answer the following question:

"*Ques.:* I will ask you to state, from your own observation of the condition of that walk, up to the time of its repair, whether that walk was in a safe condition or in a dangerous condition? [Objected to as incompetent, irrelevant, and immaterial. Overruled, and defendant excepts.] *Ans.:* I considered it in a dangerous condition all the time until it was repaired."

The time it was repaired, spoken of here, was in April following the date of the accident. This question was an improper one, and the court should not have permitted the witness to answer it. The witness was allowed to trespass upon the exclusive province of the jury. It was for them, and not for the witness, to determine whether the walk was dangerous or safe, or rather, reasonably safe. Holding that the admission of this testimony was error, we have the further proposition presented, whether it is substantially prejudicial to defendant. There seems to have been a great preponderance of evidence tending to prove that this sidewalk was dangerous to those who passed over it. This witness himself had fully and minutely set forth the condition of this sidewalk immediately preceding this testimony, and from his description there could have been no other deduction than that it was dangerous. He stated that from March, 1884, to the time of the accident in December, he had been in the habit of passing over the sidewalk very frequently; that although he was out of town a great deal, when he was at home he passed over it three or four times a day. He testified that it was very uneven, and when he walked on one edge of a plank the other would tip up; that they were always rocking; and that in the fall of 1884, when he was walking over the sidewalk with another party, who stepped on the edge of one plank, the end next him flew up and struck him, and he fell. He testified further:

"*Ques.:* You speak of the boards being loose; I will ask you to state how many of those planks were loose. *Ans.:* I don't know; I should judge they were all loose; you could tell by walking over them.

"Q. What was the effect or sensation of walking over them, as to whether they were loose or tight? A. By the way they felt when I was walking over them they all appeared to be loose; I didn't stoop down to feel them, but every one, as you stepped on them, seemed to be moving."

Then follows the question complained of. From the description of the walk which he had given, no one could reasonably have drawn any other opinion than that the walk was a dangerous one; yet, notwithstanding the minute and detailed testimony of the witness, it is with hesitation that we determine that this error of the court is an immaterial one. The overwhelming testimony of other witnesses showing that the walk was in a dangerous condition has had influence, also, in leading us to this decision; and we are constrained to hold, after a careful examination of the evidence, that the error in admitting it was not materially prejudicial to defendant.

3. Opinion evidence—admission not material error.

The plaintiff contends that because the defendant objected to the above question as "incompetent, irrelevant, and immaterial," such objection might have been ignored; claiming that it is so general the court was not bound to pay any attention to it, and contends that, when an objection is phrased in such language, the court can safely pass it by. We know that the objection to testimony that it is "incompetent, irrelevant, and immaterial," is a very common one in trial courts, and sometimes is regarded as formal and general; but if the party objecting should state that the testimony is incompetent, the attention of the court would then very properly be directed to it, and we know no good reason why the addition of the words "irrelevant and immaterial" should necessarily weaken the objection for incompetency.

4. Evidence—sufficient objection.

We presume this form of objection would be sufficient to bring the question of its admissibility before the trial court; and then if it wished the fault to be more definitely and specifically pointed out, it might make such suggestion to the attorney making the objection; then, if he should fail to more particularly state his grounds for objecting, the contention of the defendant that the attention of the court had not been directed

to the precise question decided, because the objection was formal and general, might have controlling force. In this case, however, after the question was answered, the defendant moved to strike out the answer of witness, and thus the error of its admission was brought squarely to the attention of the court.

A further objection is, that the court below allowed proof of other accidents happening on this sidewalk to be offered. Evidence was introduced of four other persons falling on the sidewalk in front of the church, three of them before the accident, and one shortly after; not all of them at the exact place where this plank was loose, but all on this part of the sidewalk which was built by the church from the plank taken from the bridge. We believe such testimony was admissible as tending to establish the condition of the sidewalk, and also in the cases of those who fell before the date of the injury to plaintiff, that the city had knowledge of its condition.

5. Similar accidents; admissible evidence.

One of the facts it was necessary to establish in this action was the condition of the sidewalk. Before the plaintiff could recover, she must prove that it was unsafe to walk over. Of course this could be proven in different ways, and by other evidence than that of other accidents. It is conceded that this is not the most direct and positive evidence of which the case is susceptible; but the simple fact that there were frequent accidents on this part of the sidewalk would tend to show that it was unsafe. When the question of the proper condition or safety of anything constructed is to be determined, evidence tending to show that it served the purpose for which it was designed is always competent, and often the most satisfactory and conclusive in its character. On the other hand, evidence to show that frequent and repeated accidents resulted from its use, would be testimony tending to show that it was not properly · constructed. This walk had been tested by actual use, and this evidence tended to show that it was dangerous and unsafe.

It is objected that the testimony presented new issues which

the defendant had not expected, and could not be prepared to meet. In a limited sense every item of evidence material to the main issue presents a new issue in this respect, at least: it invites, by way of reply, a contradiction or an explanation. In no other way did the evidence make a new issue. It was important, as we have said, to show that the sidewalk was unsafe and dangerous, and upon that question the defendant was required to be prepared. ( *District of Columbia v. Arms*, 107 U. S. 519; *Darling v. Westmoreland*, 52 N. H. 401; *Augusta v. Hafers*, 61 Ga. 48; *City of Delphi v. Lowery*, 74 Ind. 520; *City of Chicago v. Powers*, 42 Ill. 169; *Quinlan v. Utica*, 11 Hun, 217 [74 N. Y. 603]; *Burns v. Schenectady*, 24 Hun, 10; *Champlin v. Penn Yan*, 34 id. 33; *Kent v. Lincoln*, 32 Vt. 591; *House v. Metcalf*, 27 Conn. 631; *M. & M. Rld. Co. v. Ashcraft*, 48 Ala. 15; *Smith v. Sherwood Township*, 62 Mich. 28 N. W. Rep. 806; Morrill, City Neg. 204. See also *U. P. Rly. Co. v. Hand*, 7 Kas. 380; *St. Jo. & D. C. Rld. Co. v. Chase*, 11 id. 47; *A. T. & S. F. Rld. Co. v. Stanford*, 12 id. 354; *Field v. Davis*, 27 id. 401.)

Contra: *Collins v. Inhabitants of Dorchester*, 6 Cush. 396; *Aldrich v. Pelham*, 1 Gray, 510; *Kidder v. Dunstable*, 11 id. 342; *Blair v. Pelham*, 118 Mass. 420; *Hudson v. C. & N. W. Rld. Co.*, 59 Iowa, 581.

It is further contended that the evidence of other accidents admitted in this action should have been excluded, for the reason that it was not proven that the other persons falling on the walk fell over the same plank that the plaintiff did. The evidence shows that only one of them fell at the same or near the same place where she did. It is established, however, that all fell on the sidewalk built of oak plank taken from the bridge. If it had been constructed of pine plank, as required by city ordinance, and secured and fastened down properly, and kept in reasonably good repair generally, the contention of defendant would probably be correct; but the plaintiff's complaint of the sidewalk is that it was not built of suitable material, was not thoroughly nailed down to the stringers in the first place, and had not been kept in even as

good condition as it was when constructed. These accidents happening where they did would tend to prove that that part **6. Admissible evidence.** of the sidewalk was poorly built out of unsuitable material, and would be some evidence tending to show a defect in the precise spot where the plaintiff received her injuries. (*Weisenberg v. City of Appleton,* 26 Wis. 56.)

The other objections urged are untenable. We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.