MADISON TOWNSHIP, GREENWOOD COUNTY, *v.*
AUGUSTINE SCOTT.

**No. 757.**   ( 61 Pac. 967.)

</div>

1. TOWNSHIPS—*Public Highway—Evidence.* Evidence that a road has been used and traveled by the public and kept in repair by the road overseer of the district in which it is located is sufficient, *prima facie*, to establish the existence of such road as a public highway.

2. ———— *Defects in Highway—Knowledge of Trustee.* Actual knowledge on the part of a township trustee of a patent defect in a public highway located in his township is sufficient to satisfy the requirement of section 48, chapter 42, General Statutes of 1897 (Gen. Stat. 1899, § 579), relating to notice.

3. ———— *Action for Damages—Evidence of Other Accidents.* In an action against a township to recover damages for the death of plaintiff's husband, alleged to have been caused by the defect-

ive and dangerous condition of a public highway in said township, it is competent for plaintiff to show that, while the highway was in the same condition, accidents similar to that which caused the death of her husband occurred at the same place.

Error from Greenwood district court; C. W. SHINN, judge. Opinion filed July 31, 1900. Affirmed.

*Madden Bros.*, for plaintiff in error.

*J. B. Clogston*, and *Lew E. Clogston*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: Augustine Scott brought this action against the township of Madison, in Greenwood county, to recover damages for the death of her husband, Jacob S. Scott. In her petition, Mrs. Scott alleged:

"That on or about the 1st day of July, 1893, said Jacob S. Scott, while traveling upon the public highway, the same being the public road running east and west in said township of Madison, and the same being open and usually and ordinarily traveled by the public as a public highway, . . . while returning from the city of Madison to his home with a horse and cart, traveling in the usual and ordinary manner, the wheel of said cart did strike an obstruction in said public highway, causing a great jerk and jar, by which said Jacob S. Scott was thrown from said cart to the ground, and received great bodily harm and injury, particularly to his head, neck and spine, and did bruise and lacerate his head, face and back, causing a very painful and dangerous injury, from which said injury said Jacob S. Scott did linger a few hours, and from said injury and the effects thereof did die.

" Plaintiff further represents that the said township of Madison did, at the time of the opening of said road, leave standing in said roadway, at the place where said above injury occurred, a line of stumps and stubs ranging from six to ten inches high. Said line of stumps

were left and remained standing from the time said
road was opened up, and until after the injury to said
Jacob S. Scott, and his death thereafter. . . .
That the trustee and other officers of said township
had full knowledge of the condition of said road, and
had had said knowledge ever since said road had been
opened up to public travel, and had full knowledge of
the dangerous condition up to and at the time of the
death of said Jacob S. Scott, as aforesaid."

Defendant answered by a general denial and also
alleged contributory negligence on the part of Mr.
Scott, but the second ground of defense was, by per-
mission of the court, dismissed before going to trial.
The case was tried to a jury, which returned a verdict
for Mrs. Scott, together with special findings of fact.
Judgment was entered upon the verdict and the town-
ship brings the case here.

The first error complained of by plaintiff in error is
the overruling by the trial court of defendant's de-
murrer to plaintiff's evidence. It is contended that
the evidence did not show that the road upon which
Mr. Scott was injured was a public highway. Several
of plaintiff's witnesses testified that the road had been
traveled by the public for eighteen or nineteen years
or even longer, and that the road overseer of the road
district in which the road was located had done public
work upon it whenever needed. This was sufficient,
*prima facie*, to establish the existence of a public high-
way, and the court did not err in permitting plaintiff's
evidence to go to the jury. (15 A. & E. Encycl. of L.,
2d ed., 353 ; *Board of Supervisors v. The People, ex rel.*,
116 Ill. 466, 6 N. E. 475 ; *Brown v. Jefferson County*,
16 Iowa, 339 ; *State v. Auchard*, 22 Mont. 14, 55 Pac.
361.)

Plaintiff in error urges that the evidence did not
show that the road was in Madison township or that

it was connected with any public highway. Many witnesses testified that they used the road in going to and from the town of Madison, and that it was the only road which they could so use. This evidence would be sufficient to support an inference that the road connected at one end at least with some public highway. It is true that plaintiff failed to show that the road in question was in Madison township, but the proof of such fact was supplied by defendant. Dan. Blakeley, one of defendant's witnesses, testified that he lived in Madison township, and that his place was on the north side of the road, about 100 yards from the line of stumps which plaintiff alleges caused the accident to Mr. Scott. F. A. Abshire, another one of defendant's witnesses, testified that he lived in Madison township, one-half mile directly south of the piece of road near Mr. Blakeley's house. This evidence locates the road in Madison township, and supplied the deficiency in plaintiff's case. The error in overruling the demurrer to plaintiff's evidence was, therefore, immaterial, so far as this question is concerned. (*Railroad Co. v. Cross*, 58 Kan. 424, 49 Pac. 599.)

It is next contended that it was not shown that the trustee of Madison township had such notice of the defective condition of the highway as is required by section 48 of chapter 42, General Statutes of 1897 (Gen. Stat. 1899, § 579). J. W. Maxfield, who was trustee of Madison township at the time the accident occurred, testified as follows :

"Ques. You may tell the jury whether or not at that time and before that injury you had knowledge that there was a line of hedge-fence stumps across the road there. Ans. I had knowledge that there had been a hedge cut out there.

"Q. And that the stumps were standing across the road? A. Well, there was n't much stumps.

"Q.  Whatever stumps there were?  A.  The ground had worn away a little.

"Q.  I did n't ask you that.  I asked you if you knew of the fact that the stumps from that hedge fence were standing in the road?  A.  Yes, the stubs where the hedge had been cut off.

"Q.  How long had you known that fact before the injury?  A.  Ever since they were cut off.

"Q.  Ever since they were cut off; and about how long had you known that fact?  A.  They were cut off in '91 or '92."

The accident to Mr. Scott occurred in 1893, and it appears that the trustee must have known that the road was in a defective condition for several months at least.  The testimony of several witnesses was to the effect that the stumps were six or eight inches high.  Others testified that they were from three to six inches high and from eight inches to one foot apart.  We think that the record clearly shows that the township trustee had actual notice of the defective condition of the highway.  Plaintiff in error cites the case of *McFarland v. Emporia Twp.*, 59 Kan. 568, 53 Pac. 864, in support of their contention that the township trustee did not have such notice of the defective condition of the highway as is required by the statute.  We have examined the case and find it not applicable to the facts in this case.  In that case the defect was not a patent defect.  There was nothing to show that the trustee had actual knowledge that a certain fence erected along a river's bank was not a sufficient barrier to prevent a team of horses from being driven over the bank.  The fence, apparently, was a sufficient barrier and the attention of the trustee was not directly challenged to its insufficiency.  We do not think that it would be seriously contended that a county could escape liability for an injury caused by a defective county

bridge, as, for instance, if a number of boards were missing from the floor of such bridge, and it were shown that for several months the chairman of the board of county commissioners had actual knowledge that such defect existed. The row of stumps extending across the road constituted a patent defect almost as surely as would boards missing from the floor of a bridge. The statutes of this state are to be construed liberally with a view to promote their object, and certainly we would not be placing a liberal construction upon the statute under which this action was brought if we were to hold that it required anything to be done which was absolutely useless and unnecessary. The evidence clearly shows that the trustee had actual knowledge of a patent defect, and this we hold to be sufficient to satisfy the requirement of the statute.

It is also contended that the court erred in permitting evidence of other accidents occurring at the same place to go to the jury. In the case of *City of Topeka v. Sherwood*, 39 Kan. 690, 18 Pac. 933, it was held that "in an action against a city to recover damages for injuries received from a fall on a defective sidewalk, it is competent for the plaintiff to show that while the walk was in the same condition similar accidents had occurred at the same place." The testimony shows that for several years the stumps had been standing in the road and that the soil continued to wear away from them, so that naturally they became more and more of an obstruction as time went by. We think that the evidence was clearly admissible. See, also, the cases cited in *City of Topeka v. Sherwood*, supra.

Plaintiff in error further contends that the court erred in refusing to admit evidence to show that at the time the accident occurred Mr. Scott was driving

a wild and unmanageable horse.   This evidence appears to have been offered for the purpose of proving that the proximate cause of the accident was the vicious disposition of the horse.   The special findings of the jury show that the error, if any, was immaterial.   In answer to the question, "Did the horse get beyond Scott's control before he reached the place where he was injured?" the jury responded "No." This answer was supported by the evidence of two witnesses who testified that at the time the wheels of the cart in which Mr. Scott was riding struck the stumps the horse was going in a jog-trot — about eight miles an hour.

Plaintiff in error also complains of a certain instruction of the court, but the special findings clearly show that the error, if any, was not prejudicial.   No error appearing in the record, the judgment of the district court will be affirmed.