JOHN W. CUNNINGHAM v. THE TOWNSHIP OF
CLAY, ETC.

No. 13,648.  ( 76 Pac. 907.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Runaway Caused by Fright at a Stone—Proof of Fright of Other Teams.*  In an action against a township for damages occasioned by the runaway of a team, claimed to have been caused by fright at a stone on the roadside, it is competent for the plaintiff to introduce testimony that other teams of ordinary gentleness have been frightened by the same object, for the purpose of showing that it is of a character likely to alarm ordinarily gentle horses.

2. —— *Proof of Similar Stones, Similarly Situated.*  In such action it is competent for the defendant to introduce evidence of the existence of similar stones, similarly situated with reference to the traveled portion of the highway, along the same road and other roads in the vicinity, for the purpose of showing that the stone in question does not present an unusual appearance.

3. —— *Proof of Ordinary Care by Officers Not a Sufficient Defense.*  In an action brought under the provisions of chapter 237 of the Laws of 1887 (Gen. Stat. 1901, § 579), making townships, under certain conditions, liable for damages resulting from defective highways, it is not a sufficient defense to show that the township officers had exercised ordinary care to prevent the defect upon which the action is based.

4. —— *Whether Such Stone is a Defect is for the Jury.*  Whether an object in the highway, but not upon the traveled part of the road, constitutes a defect, within the meaning of the statute, because of its tendency to frighten passing horses, is a matter for the determination of the jury in view of all the circumstances of the particular case.

5. —— *Notice of Stone's Dangerousness, as Well as its Existence and Location, Necessary.*  Where such an object is not of an unusual character, it is essential to a recovery that the plaintiff show that the township trustee had notice not only of its existence and location but also of the fact that it had been deemed dangerous to travel.

6. —— *Care Required of Traveler with Knowledge of Defect.*  To be free from contributory negligence it is not necessary that one using a highway known by him to be defective exercise more than ordinary care, but he must adapt his conduct to that condi-

tion and employ such care as may justly·be regarded as ordinary, in view of his knowledge of such defect.

7. ―――― *Instruction Defining a Defect Properly Refused.* It is not error to refuse an instruction declaring any object in the highway likely to frighten ordinarily gentle horses to be a defect within the meaning of the statute, without reference to the necessity, use or convenience of such object, or to the reason or occasion for its being permitted to remain there.

Error from Butler district court: G. P. AIKMAN, judge.    Opinion filed May 7, 1904.    Reversed.

*Leland & Harris,* and *H. W. Schumacher,* for plaintiff in error.

*E. N. Smith,* for defendant in error.

The opinion of the court was delivered by

MASON, J. : John W. Cunningham received serious injuries by the runaway of a team of mules which he was driving upon a highway in Clay township, in Butler county. He sued the township, claiming that the runaway was occasioned by the mules' becoming frightened at a large stone lying in the road, outside the traveled portion, but near it, which was of such nature that when so placed it was likely to frighten horses of ordinary gentleness, and therefore constitued a defect in the highway ; that the township trustee had had notice of such defect for more than six months ; and that the plaintiff was therefore entitled to recover his damages from the township under section 579 of the General Statutes of 1901 ( Laws 1887, ch. 237 ). A jury trial resulted in a verdict and judgment for the defendant, from which error is prosecuted. The rulings complained of relate to the admission and rejection of evidence and to the giving and refusing of instructions.

The ·court refused to permit plaintiff to introduce

testimony that other teams of ordinarily gentle dispo-sition had been frightened by the same object, for the purpose of proving that it was of a character likely to alarm passing horses. It has been held that in actions for injuries from defective streets proof of similar ac-cidents, offered to show the dangerous condition of a street, should not be permitted, because many compli-cated collateral issues might thereby be raised, tend-ing to divert the attention of the jury from the main question ; and in a few cases testimony of the charac-ter now under consideration has been excluded upon the same reasoning, but the majority of decisions cov-ering the point deny the doctrine in its entirety. (*City of Topeka v. Sherwood*, 39 Kan. 690, 18 Pac. 933 ; *Madi-son Township v. Scott*, 9 Kan. App. 871, 61 Pac. 967.) The authorities are almost unanimous in holding that it does not apply in cases like this one to the class of testimony here offered, one reason given being that any collateral issues so raised must necessarily be very simple and not of a kind to result in any practi-cal harm. In volume 15 of the American and English Encyclopedia of Law, second edition, at page 447, it is said : "Evidence that other horses were frightened by a particular object is admissible to show that it was reasonably calculated to frighten horses." (See cases there cited and in 1 Jon. Ev., §§ 161, 162. Also, *Nye v. Dibley*, 88 Minn. 465, 93 N. W. 524 ; *Galt v. Woliver*, 103 Ill. App. 71 ; *Golden v. C. R. I. & Pac. Ry. Co.*, 84 Mo. App. 59 ; *Water Co. v. Whiting*, 58 Kan. 639, 50 Pac. 877.) We hold that the ruling of the court in this respect was erroneous.

Complaint is made that the defendant was permitted to give evidence of the existence of other stones claimed to be of a similar character and similarly situated with reference to the traveled portion of the highway, not

only along the road in question but along other roads
in the same township and in other townships of the
same county.  The evidence was intended to show
that the stone in question did not present an unusual
appearance, and was competent for that purpose.
Such an inquiry must, of course, be confined to the
general locality of the alleged defect, but we do not
think that this rule was transgressed.

The jury were instructed that the township was
"bound to use only ordinary care, caution and pru-
dence to prevent obstructions and defects in the high-
way."   This is the usual rule by which the liability
of municipalities is measured, but the plaintiff's cause
of action is based wholly upon the provisions of sec-
tion 579 of the General Statutes of 1901.   Before the
enactment of that section in 1887 (Laws 1887, ch.
237), such an action could not have been maintained.
(*Eikenberry v. Township of Bazaar*, 22 Kan. 554, 31
Am. Rep. 198.)   The limit of the township's liability
therefore must be found in the statute itself, which
reads :

"Any person who shall without contributing negli-
gence on his part sustain damage by reason of any de-
fective bridge, culvert, or highway, may recover such
damage from the county or township wherein such
defective bridge, culvert or highway is located, as
hereinafter provided ; that is to say, such recovery
may be from the county when such damage was caused
by a defective bridge constructed wholly or partially
by such county, and when the chairman of the board
of county commissioners of such county shall have had
notice of such defects for at least five days prior to
the time when such damage was sustained ; and in
other cases such recovery may be from the township,
where the trustee of such township shall have had
like notice of such defect."

The language of this statute leaves no room for the

application of the usual rules to the determination of the degree of diligence necessary to escape legal responsibility.  The liability of the township is founded upon neglect of the duty to keep the highway in repair.  But instead of the general requirement of ordinary diligence in the discharge of such duty the statute substitutes a specific test.  When injury is sustained by reason of a defective highway, if the township trustee has had five days' notice of the defect the township is liable, however great care the officers may have exercised; but if the trustee has had no such notice the township is not liable, however negligent the officers may have been.  The statute makes its own definition of actionable negligence.  In *George v. Haverhill*, 110 Mass. 506, a case arising under a similar statute, the first paragraph of the syllabus reads :

"It is no defense to an action against a city or town, under the General Statutes, chapter 44, section 22, to recover for an injury caused by a defect in a highway, that the city or town used ordinary care in repairing the way, if, in fact, it was not reasonably safe and convenient."

In the opinion it was said :

"The liability of cities and towns for defects in highways is a statute liability.  The requirement is that highways should be kept safe and convenient for travelers at all times.  If the way, by this standard, is defective, and the defect had existed for the space of twenty-four hours, or there was reasonable notice of it, and injury is thereby caused without the fault of the traveler, the liability of the town is fixed.  It is the duty of the town to repair the defect within the time named, or seasonably to warn the traveler so that he may avoid the danger.  The question what is safe and convenient within the meaning of the statute, is a question which in most cases it is the appropriate

province of the jury to settle, and considerations relating to the nature and amount of travel, and what it is reasonably practicable to do in constructing and maintaining the way in question, will always have weight with them. Absolute safety beyond the possibility of accident will never be required, for that would be impracticable. But if the jury find that the defect exists within the reasonable application of the rule given, it is enough. The town must respond, whether the defect arose from negligence or from causes which no care on its part could prevent or control. All the instructions asked which were based on the proposition that towns and cities are bound to exercise only ordinary care in the performance of this duty were therefore properly refused, and the instructions given were sufficient and appropriate."

(See, also, *Prindle v. Fletcher*, 39 Vt. 255; *Burns, Adm'x v. The Town of Elba*, 32 Wis. 605, citing *Ward v. The Town of Jefferson*, 24 id. 342.)

Under these authorities the township is under the absolute duty of seeing that the highway is kept in reasonably good condition for travel—free from defects, but the question of what constitutes a defect is to be determined by the jury in view of all the circumstances of the case, so that the township is protected against immoderate requirements. Its liability is determined by the results accomplished rather than by the diligence exercised. There are many decisions that a showing of reasonable care is a good defense to an action for damages resulting from a defective highway, but for the most part they are made in cases in which the plaintiff claimed under the implied liability of municipal corporations proper, or under statutes very different from the one here involved.

Frequently the entire discussion of diligence is a consideration of the question of notice, the defendant being held accountable only when reasonable care

would have resulted in the discovery of the defect. In Kansas the matter of diligence has no connection with that of notice, the statute being interpreted to require actual notice (*Hari v. Ohio Township*, 62 Kan. 315, 62 Pac. 1010), and under some circumstances actual notice not alone of the physical conditions but of the fact that they resulted in making the highway unsafe. (*McFarland v. Emporia Twp.*, 59 Kan. 568, 53 Pac. 864.) In the present case, where the object claimed to constitute a defect was of so usual a character, was not upon the traveled portion of the road, and presented no interference with travel as an actual obstruction, being dangerous, if at all, only by virtue of its alleged tendency to frighten passing horses, we think the same rule is applicable, and that, in order for the plaintiff to recover, he must show that the trustee had notice not only of the existence and location of the stone but also of the fact that it was a menace to the safety of travel. It is not essential to the township's liability that the trustee should have actually known, or even believed, that the stone as situated was likely to occasion runaways, but it is necessary that he should have had his attention directed to it in that connection—that he should have had knowledge that the safety of the highway in that respect was questioned, or was subject to question.

The following instruction was also given:

"If the stone in question was of such character in appearance that an officer having charge of the highway, in the exercise of ordinary care, caution, and prudence, would not have considered it such an obstruction as was naturally calculated to frighten horses and mules of ordinarily gentle disposition, then, in that case, the township cannot be held liable in this case."

This instruction is objectionable for the reason

already stated, and because it in effect substitutes the judgment of the township officers for that of the jury upon the vital question whether the stone was an obstruction, within the meaning of the statute.

Another instruction was given that if there was a defect in the highway, and the plaintiff knew of it, he "was required to use more than ordinary care and caution to avoid the accident." This is an inaccurate statement. It was said in the instructions of the trial court, approved in *Falls Township v. Stewart*, 3 Kan. App. 403, 408, 42 Pac. 926:

"Such knowledge only requires an increased caution and diligence to avoid injury. In other words, although a person is required to exercise only ordinary care and prudence, yet such care and prudence must be commensurate with the necessities of the case, and maintain a constant level with the dangers of the situation."

In volume 15 of the American and English Encyclopedia of Law, second edition, at page 470, it is said, citing, among other cases, *City of Kinsley v. Morse*, 40 Kan. 577, 20 Pac. 217:

"The knowledge of the defect, however, though it renders greater vigilance necessary, does not impose on the plaintiff the duty of exercising more than ordinary care as determined by the circumstances of the particular case, and it is therefore error to require the jury to find that the plaintiff exercised extraordinary care."

An instruction reading as follows was requested and refused:

"When objects ordinarily calculated to frighten ordinarily gentle horses or mules are placed and suffered to remain in the public highway, they are regarded as defects in the highway, and the township wherein such road or highway is situated is liable for injuries caused thereby after the trustee of such township has

had five days' actual notice of such defect, prior to such injury.''

This is an incorrect statement of the law, in that it would render the township liable for the existence of all objects in the highway that might frighten ordinarily gentle horses.   Such objects may be conceived, the removal of which would be impracticable, or even impossible.   Many necessary, useful or convenient appliances—for instance, telephone- or telegraph-poles—located in the highway, might have the effect stated. Other objects might serve a temporary purpose, or be left in the highway for some incidental reason—as during repairs—without rendering the township liable.   (15 A. & E. Encycl. of L., 2d ed., 444.)   Some of these considerations doubtless have no application to the present case, but, as already stated, the object in question is not to be deemed a defect, within the meaning of the statute, unless it be found to be, in view of all the circumstances of the case, such as the township should not have permitted to remain in the position it occupied.   The instruction asked, in order to have been unobjectionable, should have been limited to objects so suffered to remain in the public highway without sufficient reason or excuse.

For the errors noted the judgment is reversed, and a new trial ordered.

All the Justices concurring.