DANIEL MOSIER, *Appellant*, V. THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF BUTLER, *Appellee.*

No. 16,577.

SYLLABUS BY THE COURT.

NOTICE—*Defective Bridge—Chairman of County Board—Injury
to a Traveler.* The plaintiff brought an action against a
county to ' recover for injuries occasioned by a defective
bridge. *Held,* that the evidence showing knowledge of the
chairman of the board of county commissioners of the de-
fective condition of the ' bridge was sufficient as against a
demurrer.

Appeal from Butler district court; GRANVILLE P.
AIKMAN, judge. Opinion filed June 11, 1910. Re-
versed.

*George J. Benson,* and *T. A. Kramer,* for the appel-
lant.

*K. M. Geddes,* county attorney, and *C. A. Leland,*
for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued to recover for injuries
caused by a defective bridge. The court sustained a
demurrer to his evidence, and this is the error com-
plained of.

It was a county bridge, and consisted of two steel
spans across the Whitewater river, with a thirty-foot
approach on the east which was built entirely of wood,
with guard rails on either side. · The plaintiff, accom-
panied by his two daughters, was driving over the
bridge in a buggy drawn by one horse. It was in the
evening, after dark; they had crossed the bridge
proper, and were on the approach, when the horse
took fright at a pile of stone at the side of the high-
way and backed some distance against one of the guard
rails. The railing was defective; it gave way, with

the result that the vehicle, with its occupants, was thrown to the ground, a distance of about twenty feet, and the plaintiff received injuries.

The defendant seeks to sustain the court's ruling upon the ground that the approach where the accident occurred was no part of the bridge. There is nothing substantial in this. Obviously the wooden approach was as much a part of the bridge as the steel structure. It appears from the evidence that if there had been no approach the bridge would have stood at this point twenty feet above the ground, so that, without the approach, the bridge would have been useless.

There is a further contention that the defective condition of the bridge was not the proximate cause of the injury, for the reason that the horse was frightened at the pile of stone in the highway. In support of this the defendant relies upon the well-known principle that if two distinct causes are successive and unrelated in their operation one of them must be the proximate and the other the remote cause. But the principle has no application here, because it is obvious that the two causes were related in their operation. Notwithstanding the frightening of the horse, the injury would not have resulted if the guard rail had not been defective. One reason why guard rails were necessary was the liability that horses might be frightened while on this part of the bridge, resulting in just such accidents.

The principal contention is that the plaintiff failed to prove notice to the chairman of the board of county commissioners of the defect in the bridge. The statute requires that before the county can be held liable in cases of this character the chairman of the board of county commissioners must have had notice of the defects at least five days prior to the time the injury was sustained. (Laws 1887, ch. 237, § 1; Gen. Stat. 1909, § 658.) This seems to be the ground upon which the court sustained the demurrer. The plaintiff's testi-

mony, however, showed that the guard rails on the bridge had been in a defective condition for several months, and that about three weeks before the accident the county commissioners went to the bridge for the purpose of examining it, with a view of ordering some parts of it repaired, and that shortly afterward repairs were commenced on the abutments supporting the main structure of the bridge. A witness who was present at the time testified that he saw the three commissioners examine the guard rails; that he heard Mr. Anderson, the chairman, make the remark that they were in bad repair; and that some of the commissioners took hold of the guard rails and examined them as they went along. Mr. Anderson, the chairman, testified that while examining the bridge he noticed the guard rails on the south side along their entire length, and noticed that they were a little shaky, but did not pay much attention to them; that after driving across the bridge once they walked back and examined it again. He was then asked this question: "Now, from what you observed from the banisters there, and from shaking them, did you think they were substantial and safe?" He answered: "Well, no, sir; they were not."

It is not necessary for the plaintiff to show that the chairman had knowledge of the defective condition of the railing at the exact spot where it gave way. If he had knowledge of the condition of the guard rails, and that they were unsafe, as he testified, he had notice within the meaning of the statute. While it has been held that the notice required is actual and not constructive (*Erie Township v. Beamer*, 71 Kan. 182), it has also been held that actual knowledge of the defect is the same as actual notice (*Madison Township v. Scott*, 9 Kan. App. 871). In this case there was ample evidence to support a finding that the chairman had actual notice that the guard rails were defective, and it was certainly sufficient as against a demurrer.

The demurrrer to the evidence should have been overruled, and the judgment is reversed and the cause remanded for another trial.