## Margaret E. Hindle by Charles N. Hindle, Appellee, v. City of Joliet, Appellant. John W. D'Arcy, Appellee.

### Gen. No. 6,154.

1. MUNICIPAL CORPORATIONS, § 1107*—*when existence of visible crack in top of slab of stone constituting part of sidewalk before accident question for jury*. In an action against a city for damages for personal injuries caused by the breaking of a large slab of limestone in a sidewalk over a coal basement, *held*, under conflicting evidence, that it was a question for the jury whether a visible crack existed in the top of the slab a few days before the accident.

2. MUNICIPAL CORPORATIONS, § 1023*—*when charged with notice of probable latent defects in sidewalk*. A city which uses limestone quarried in the locality of a character known to frequently have curly and blind seams, which cannot be detected until they come to the surface, is charged with notice that concealed curly seams are likely to exist in such limestone and that if such a seam was in a stone it would probably result in the breaking of the stone.

3. MUNICIPAL CORPORATIONS, § 1107*—*when question of exercise of ordinary care in supporting stone used in sidewalk for jury*. Where a city used a limestone rock which was over eight feet long, six feet wide and seven or eight inches thick, unsupported, except at the edges, in a sidewalk over a coal cellar, and a manhole one foot in diameter was placed in such stone, and the stone was of a character known to frequently have concealed curly seams which would cause the breaking thereof when they came to the surface, and there was a great amount of public travel over such sidewalk and another similar stone had been found broken in the same walk shortly before the accident, *held* that it was a question for the jury in an action for damages for personal injuries to a pedestrian who was precipitated into the cellar because of the sudden breaking of the stone whether the city was in the exercise of ordinary care in permitting the stone to rest with such a support.

4. MUNICIPAL CORPORATIONS, § 994*—*what degree of care required of as to condition of sidewalks*. A city must use reasonable care to keep its sidewalks in a reasonably safe condition.

5. NEGLIGENCE, § 191*—*when question of law*. Negligence is a question of law only when the facts are so clear as to lead to but one reasonable conclusion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6.  NEGLIGENCE, § 198*—*when ordinary care question of law.* Ordinary care is not a question of law unless the facts will lead to but one reasonable conclusion.

7.  MUNICIPAL CORPORATIONS, § 1006*—*how sidewalks may be constructed.* Municipalities may construct their sidewalks with as many different kinds of materials and in as many different ways as they please without interference by the courts provided they keep them reasonably safe.

8.  APPEAL AND ERROR, § 1410*—*when verdict not disturbed as unsupported by evidence.* A verdict will not be disturbed as being unsupported by the evidence unless it is against the manifest weight of evidence.

9.  MUNICIPAL CORPORATIONS, § 1087*—*when evidence as to nature of material and manner of construction of walk admissible in action for personal injuries resulting from defects.* In an action against a city for damages for personal injuries to a pedestrian who was precipitated into a coal cellar under a sidewalk as the result of the breaking of a large unsupported limestone rock over such cellar, *held* that evidence that rock of such a character was known to have latent defects or seams, and that there was no center wall or support under the stone, was admissible.

10.  MUNICIPAL CORPORATIONS, § 1100*—*when refusal of requested instruction that failure to place support under sidewalk not negligence, proper.* In an action against a city by a pedestrian for damages for personal injuries sustained as a result of being precipitated in a coal cellar under a sidewalk, as the result of the breaking of a large unsupported stone in the walk over such cellar, a requested instruction that the failure to have a center wall or support under the stone was not of itself negligence, *held* correctly refused.

11.  MUNICIPAL CORPORATIONS, § 993*—*how stone in walk must be supported.* A stone constituting a part of a walk may be supported in any manner provided it is reasonably safe.

12.  INSTRUCTIONS, § 151*—*when requested instructions covered by given instructions properly refused.* Requested instructions which are fully covered by given instructions are properly refused.

Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916. *Certiorari* denied by Supreme Court (making opinion final).

EDWARD R. NADELHOFFER, for appellant.

SNAPP, HEISE & SNAPP, for appellee Margaret E. Hindle.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Carnes delivered the opinion of the court.

Margaret E. Hindle, a girl about fifteen years old, was on the sidewalk on the south side of Van Buren street in the business portion of the City of Joliet on the evening of May 28, 1912, when a large flagstone broke under her and she fell into an area way about seven feet deep. She was seriously and permanently injured. This action was brought against the City of Joliet and one D'Arcy, the owner of the adjacent premises, to recover for that injury. A jury found a verdict against the city for $6,000 upon which judgment was entered. The city prosecutes this appeal.

The plaintiff was rightfully at the place and in the exercise of ordinary care. It is not claimed that the verdict is excessive. Appellant's main contention is that the defect in the stone was hidden and latent and could not have been discovered in the exercise of ordinary care.

It appears without controversy, that the sidewalk at and near that place was constructed of slabs of Joliet limestone laid side by side. The stone which broke was eight feet seven inches long, six feet wide, and seven or eight inches thick, and had been in that place about thirty-five years. The upper surface was worn smooth by travel. There was a manhole in the stone about one foot in diameter covered by an iron plate. The stone extended from the curb to within about four feet of the building, and was supported only by a stone wall fifteen inches thick on the street side and a brick wall twelve inches thick on the building side. The area way under the stone could be reached from the basement under the building, and until a short time before the accident by an outside stairway. It was used for storing coal. The line of break in the stone ran directly through the manhole and was in the half of the flagstone adjacent to the street. It was Joliet limestone quarried in and about that city where it existed in

layers of different thicknesses. It is a well-known defect in that kind of limestone that it has ''seams'' which are usually vertical. One kind known as curly seams and blind seams meaning that they zigzag through the stone and there are no means of detecting them unless they come to the surface. Seams do not exist in all Joliet limestone, but they are quite likely to be found in it. An experienced witness said: ''There are seams in Joliet limestone that cannot be readily seen. * * * It is pretty hard to get acquainted with Joliet limestone in regard to seams. You don't know when they are coming. I never got acquainted with them yet. In my experience I have discovered quite a number of them. You cannot always see them.'' The effect is to weaken the stone and it eventually breaks because not strong enough to hold under a strain.

This stone had a curly seam which could not be detected from the upper surface. It extended the full length of the stone and from the bottom to a quarter of an inch or less from the top. It broke and separated along that seam. It could perhaps have been detected by a careful examination from the under side, but probably would not have been seen in any ordinary inspection. Employees of the city inspected this walk a few weeks before the accident; took off all the manhole covers and examined the stone around the manhole, but did not go under the walk. They discovered no defect but they were not especially looking for that kind of a defect. D'Arcy, the owner of the building, examined the walk shortly before the accident, discovering no defect in this stone. There was at that time a similar stone near by in the walk which was broken. There was no area way under it and it could not fall. It was repaired. Two witnesses for appellee testified that several days before the accident they noticed a crack in the stone which afterwards broke and occasioned the injury. They describe the crack corresponding to the break in question and say it was a crack that

could then readily be seen and that the stone had a rocking motion under the feet. It is stoutly contended by appellant that these witnesses are mistaken; that it was the other broken stone near by that they were speaking about. The city introduced witnesses who testified that there was no visible crack in the top of this stone before it finally broke, witnesses who were in a position to know if there had been one. It left a fair question for the jury whether there had been a visible crack in the stone several days before the accident. There is no question that the city was charged with notice that concealed curly seams were likely to exist in a slab of Joliet limestone of this kind and character, and if such a seam was there it would probably sometime result in the breaking of the stone, as happened in this case. It was also charged with notice that the stone extended over this area way with no support except at the sides; also that a similar stone near by had broken. If the plaintiff's two witnesses above mentioned are to be believed, there had been an open visible crack in the stone long enough so that the city was charged with notice of that, which would leave no question as to its liability. If they are not to be believed, it was a question for the jury whether, considering the known character of the stone, the great amount of public travel at that place and that a similar stone in the same walk had lately broken, the city was in the exercise of ordinary care in permitting that stone to rest with that support, in that place, with the liability that it might break and occasion great loss and injury. It is not so much a question whether it should have discovered the seam as whether it should have guarded against the danger of an undiscoverable defect that it had notice might exist.

There is little ground for controversy about the law governing these facts. Appellant cites many authorities to the effect that a city is only bound to exercise reasonable care to keep the sidewalk in a reasonably

safe condition; that it is not an insurer against accidents or bound under the law to keep its sidewalks absolutely safe or absolutely perfect; that it is not liable for latent and unseen defects in its sidewalks not discoverable by the exercise of ordinary care; that it is only bound to remedy defects that can be detected by the exercise of ordinary care, and only bound to use reasonable care to see that its sidewalks are in a reasonably safe condition; that it must have either actual or constructive notice of a defect in a sidewalk before it may become liable. These are long established propositions of law and mean little, if anything, more than that the city must use reasonable care to keep its walks in a reasonably safe condition, and nothing more is required of it. Counsel cite numerous cases where certain acts or omissions have been held by the courts to amount to due care or negligence on the part of a city. Such cases show what different courts in passing upon the facts have held as a matter of fact, not as matter of law, constitute due care or negligence. Ordinary care and negligence are not questions of law unless the facts are so clear as to lead to but one reasonable conclusion. A given method of construction, maintenance and inspection of walks might be ordinary care under one condition and negligence under another. A walk might be so built that little inspection would be required, and another walk so built and located that constant inspection would be called for in the exercise of ordinary care. Appellant's counsel well say the jury has no right to review the discretion of the city authorities in adopting a plan of construction of sidewalks. It is also true that the courts have no such power. Municipalities may construct their sidewalks with many different kinds of material and in many different ways free from interference by courts or juries provided they keep them reasonably safe. But whatever the material or method of construction the city is bound to exercise reasonable care in view of the con-

struction to keep the walk in repair. It must exercise reasonable diligence to ascertain and guard against the varying defects and dangers incident to each kind of construction, or, failing to do so, it will become liable for injuries resulting. Whether in this case the city was guilty of negligence was a question of fact for the determination of the jury, subject to the control of the trial court and reversal in this court if, in our opinion, the conclusion of the jury was manifestly against the weight of the evidence. We are not of the opinion that the verdict was manifestly against the weight of the evidence, therefore we are not warranted in disturbing it.

Appellant argues that the court erred in allowing evidence to go to the jury that Joliet limestone flags may have latent defects, or seams, and in allowing evidence that there was no center wall or support under the stone, and in refusing an instruction that the failure to have such center wall or support was not of itself negligence. We find no error in these respects. It was necessary for the jury to know of what and in what manner the walk was constructed, and to know, either from common knowledge or from evidence of experienced witnesses, the nature of the material of which it was built. The instruction was properly refused because it was not for the court to inform the jury as matter of law what method of construction or maintenance was or was not negligence. There can be no law that says in what manner a stone in a walk shall be supported further than to say it must be reasonably safe. Complaint is also made of the refusal of other instructions offered by appellant, but in so far as they were material they were fully covered by given instructions. The principles of law controlling this case are elementary. The jury were fully and fairly instructed thereon.

We find no error in the record, therefore the judgment is affirmed.

*Affirmed.*