No. 20,505.

EMMA R. LYONS, *Appellant,* v. WHITE ROCK TOWNSHIP, IN REPUBLIC COUNTY, *Appellee.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Defective Highway—Personal Injuries—Notice of Defect to Township Officers.* In an action against a township to recover for injuries resulting from a defective highway caused by a contractor removing the planks from a culvert to use them in constructing a new culvert, there was no evidence to show that the township authorized the planks to be removed and no evidence to show that the township trustee had actual notice of the defective condition of the highway five days prior to the injury; *held,* that a demurrer to the evidence was rightly sustained.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed January 6, 1917. Affirmed.

*Nelson J. Ward,* of Belleville, *R. W. Turner,* and *Donald F. Stanley,* both of Mankato, for the appellant.

*W. D. Vance,* and *R. E. McTaggart,* both of Belleville, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In this action the township is sued to recover

for injuries plaintiff received when an automobile in which she was riding drove into an excavation caused by the removal of the planking over a culvert in a public road. The court sustained a demurrer to the plaintiff's evidence on the ground that it was not sufficient to show that the township trustee had actual notice of the dangerous condition of the highway five days before the plaintiff's injury. The plaintiff appeals.

Previous to the accident the township officers had made an arrangement with a contractor for building several new culverts, including one known as the Tedrow culvert, where plaintiff was injured. The township was to furnish all materials, including form lumber. Elmberg, the contractor, began the construction of the culvert October 10, and left the work in about five days, expecting to return to remove the form lumber and complete the construction of the new culvert. Under his contract he had nothing to do with the work of repairing the highway further than to make the excavation for the new culvert and to construct it. Soon after commencing work he removed the planking of the old culvert, which stood about twenty feet west of the new location, and used the lumber for forms in connection with the cement work. While he continued work there he put out a lantern at night. The accident to plaintiff occurred on the night of October 23, some days after the contractor had left the work. Elmberg testified that on leaving the work he placed a plank on end in the excavation caused by the removal of the top of the old culvert and that he did not notify any of the township officers of the progress of the work, or what he had done, or that he was leaving the work. During the progress of the work public travel had made a well-beaten track about ten feet south of both culverts. The township trustee knew that the culvert was in the course of construction. Two days before beginning work on the Tedrow culvert the contractor was finishing the construction of the Weir bridge at another place in the township, and the trustee came there to see him, and directed him, when he had finished the work there, to begin the Tedrow culvert, and to place it twenty or thirty feet east of the old one. It is not claimed that the trustee authorized or directed the re-

moval of the planks of the old culvert where the plaintiff was injured, but plaintiff contends that the circumstances shown in evidence were sufficient to justify submitting to the jury the question whether or not the trustee had actual notice or knowledge of the conditions which caused the injury. The circumstances relied on are the general knowledge the trustee had of the character of the work and that it was in progress, and in addition, these facts: When the trustee visited the work at the Weir bridge he saw that the contractor was using lumber which he had taken from the old culvert to use in the cement work there. Plaintiff lays stress on this fact, and argues that the trustee must have known that the contractor would do the same thing when he came to build the Tedrow culvert. There was also evidence that Mr. Miller, the trustee, made a statement in substance to this effect: About one week before the accident to plaintiff, the trustee and his son drove past the work at the Tedrow culvert in the nighttime, the son driving. Mr. Miller was sitting on the side of the buggy furthest away from the work and did not look particularly at the conditions of the work when he passed; he saw no lights or barriers at that time. This was the only time he had been near the work while it was in progress.

We think the facts go no further than perhaps to tend to show constructive notice of conditions. The fact that the trustee knew the contractor had taken planks from the old Weir culvert to use in the cement construction there comes far short of tending to show that he actually knew what was done at the culvert in question.

It is said there can be no question that the work which the township caused to be done at the scene of the injury was such as caused the highway to be defective, and therefore the question of actual notice is one for the jury, because these conditions "fairly spelled danger," citing *Sims v. Williamsburg Township,* 92 Kan. 636, 141 Pac. 581.

The difficulty is a failure of evidence to show that the trustee had actual knowledge of the conditions, that is, the removal of the planking from the old culvert which made it necessary to set up barriers or signals, and these are the only conditions plaintiff can, or, in fact, does rely upon. The condition of the new structure had nothing to do with plaintiff's accident. In

the Sims case, *supra*, the trustee had actual knowledge obtained from personal observation while repairing the road. Actual knowledge of conditions was established also in *Abbott v. Wyandotte County*, 94 Kan. 553, 146 Pac. 998; *Higman v. Quindaro Township*, 89 Kan. 476, 132 Pac. 215; and *Mosier v. Butler County*, 82 Kan. 708, 109 Pac. 162, cited by plaintiff.

While actual knowledge may be established by circumstantial evidence, the same as in other cases (*Watkins v. Harper County*, 95 Kan. 166, 168, 147 Pac. 822), circumstances which go no further than to establish that the trustee had constructive notice are not sufficient, for the reason that the legislature has seen fit to limit the liability of counties and townships for injuries caused by defective highways to those cases where the existence of five days *actual* notice is established. The evidence shows gross negligence on the part of the township officers in failing to know the actual conditions at the place where the plaintiff was injured and in not protecting the public by the erection of suitable barriers and warnings; but this is not sufficient of itself to establish liability. The plaintiff concedes the law to be that if the trustee had himself removed the planking, and the plaintiff's injury had occurred less than five days thereafter, the township would not be liable under the statute. We fail to find any evidence which would have justified submitting the case to the jury on the question of notice. It follows that the judgment will be affirmed.