240

Vina Broughton, Appellee, v. City of Lincoln, Appellant.

Gen. No. 8,483.

October term, 1930.  Heard in this court at the
Opinion filed January 26, 1931.

URI KRISSINGER, City Attorney, and PETER MURPHY, for appellant.

HAROLD F. TRAPP, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

In an action on the case appellee recovered a judgment against the City of Lincoln for the sum of $2,000. The accident to appellee occurred on the sidewalk on the main business street in the city known as Broadway. The sidewalks on this street and on a number of other streets in the city were constructed of Joliet limestone laid in slabs about twelve feet long, six feet wide and seven or eight inches thick. On the evening of March 28, 1929, appellee, with two other ladies returning from church where they had been attending pre-Easter services, were walking along the sidewalk in question about 8:45 o'clock and as they were passing over one of these flagstones it broke and precipitated them into the area way below in consequence of which appellee was injured.

The first error urged by appellant is in regard to the notices of the accident served upon the city as required by statute. Two such notices were served, the first of which described the point of accident at 424 Broadway Street, "and at a point about forty-five feet northwest of the southeast corner of Block eleven (11) in the original town now City of Lincoln, Illinois at a stone in said sidewalk being to wit, the tenth stone in said sidewalk northwest of the *northeast* corner of said Block eleven (11) on the northeast side of said Broadway Street"; the second notice is identically the same except that the tenth stone is described as being northwest of the *southeast* corner of said Block eleven. By inadvertence the word "northeast" was used in the first notice instead of the word "southeast." The statute requires that such a notice shall be served upon the city within six months. The second notice correctly stating the place of accident was served upon the city within that time. It is claimed by counsel for

appellant that the city was served with notice of the accident for two different places and therefore no sufficient notice was served as the second notice did not purport to be an amended notice. Both of the notices gave the point of accident at, to wit, 424 Broadway Street and at a point forty-five feet northwest of the southeast corner of Block eleven which would have been a sufficient notice of the locality, but, in describing the location of the particular stone in the first notice the word ''northeast'' was used in place of ''southeast.'' All the statute required was that a sufficient notice should be filed with the city clerk within six months after the accident and this condition having been complied with the notice was sufficient.

The court permitted evidence that other slabs of Joliet limestone in the sidewalks in the city had cracked and fallen without notice in a similar manner and it is claimed that the admission of such evidence was erroneous. It was proven by a number of experienced witnesses that Joliet limestone is a stone that contains clay seams and when it is first quarried the seam is not noticed but that the elements and weather will decompose not only the seam but also the calcium carbonate and magnesium carbonate in the stone; that moisture or acid will decompose or react with the calcium carbonate and the magnesium carbonate; that the moisture decomposes where the stone is subject to weather continuously and that capilarity from underneath the stone brought up through the brick or on whatever the stone is resting will decompose it at that point in particular; that the seams cannot be observed by the naked eye but that after such decomposition has taken place the stone will crack and fall unless supported from beneath. Very similar facts existed in the case of *Hindle v. City of Joliet*, 200 Ill. App. 159, and in which a certiorari was denied by the Supreme Court. In the case at bar, as in the *Hindle*

case, the sidewalk was composed of Joliet limestone and had been in existence from thirty to forty years. It was held in the *Hindle* case: "There is no question that the city was charged with notice that concealed curly seams were likely to exist in a slab of Joliet limestone of this kind and character, and if such a seam was there it would probably sometime result in the breaking of the stone, as happened in this case. It was also charged with notice that the stone extended over this area way with no support except at the sides; also that a similar stone near by had broken. If the plaintiff's two witnesses above mentioned are to be believed, there had been an open visible crack in the stone long enough so that the city was charged with notice of that, which would leave no question as to its liability. If they are not to be believed, it was a question for the jury whether, considering the known character of the stone, the great amount of public travel at that place and that a similar stone in the same walk had lately broken, the city was in the exercise of ordinary care in permitting that stone to rest with that support in that place, with the liability that it might break and occasion great loss and injury. It is not so much a question whether it should have discovered the seam as whether it should have guarded against the danger of an undiscoverable defect that it had notice might exist."

It was further held in the *Hindle* case: "Appellant argues that the court erred in allowing evidence to go to the jury that Joliet limestone flags may have latent defects, or seams, and in allowing evidence that there was no center wall or support under the stone, and in refusing an instruction that the failure to have such center wall or support was not of itself negligence. We find no error in these respects."

In the case of *City of Bloomington v. Legg,* 151 Ill. 9 it was said:

"Evidence was admitted, over the defendant's objection, that other accidents had occurred of a similar character to that which resulted in injury to the deceased. Evidence of other accidents occurring from the same cause is by many courts held incompetent.

"This court has held such evidence competent, not for the purpose of showing independent acts of negligence, but as tending to show the common cause of these accidents is a dangerous, unsafe thing. Where an issue is made as to the safety of any machinery or work of man's construction which is for practical use, the manner in which it has served that purpose, when put to that use, would be a matter material to the issue, and ordinary experience of that practical use, and the effect of such use, bear directly upon such issue. It no more presents a collateral issue than any other evidence that calls for a reply which bears on the main issue. Such evidence is held competent by the weight of authority. *Ottawa Gas Light & Coke Co. v. Graham,* 35 Ill. 346; *City of Chicago v. Powers, Admx.,* 42 Ill. 170; *City of Fort Wayne v. Coombs et al.,* 107 Ind. 75; *City of Topeka v. Sherwood,* 39 Kan. 690; *Dist. of Columbia v. Armes,* 107 U. S. 519; *Darling v. Westmoreland,* 52 N. H. 401.''

The principles announced in the *Legg* case have been followed in many later cases among which are *City of Taylorville v. Stafford,* 196 Ill. 288; *City of Chicago v. Jarvis,* 226 Ill. 614; *Moore v. Bloomington, Decatur & Champaign R. R. Co.,* 295 Ill. 63.

Appellant offered and the court refused to give the following instruction:

"You are instructed that the defendant, City of Lincoln, is not liable for latent or unseen defects in its sidewalks not discoverable by the exercise of ordinary care, and if you believe, from the evidence, that the sidewalk in question was, at the time and place of the alleged accident, in a reasonably safe condition, so far as was discoverable by the defendant by the use

of ordinary care, for ordinary travel thereon by persons using such degree of care and caution as reasonably prudent persons would use for their safety under all the circumstances shown by the evidence, then you should find the defendant not guilty.''

The court did, however, give an instruction of its own motion which in fact is but a modification of the refused instruction and is as follows:

''You are instructed that the defendant, the City of Lincoln, is not liable for latent or unseen defects in its sidewalks (not arising out of defective construction or material) and not discoverable by the exercise of ordinary care, and if you believe from the evidence that the sidewalk in question was at the time and place of the alleged accident in a reasonable safe condition (except as to latent defects not arising out of defective construction or material) so far as discoverable by the defendant by the use of reasonable care, for ordinary travel thereon by persons using such degree of care and caution as reasonably prudent persons would use for their safety under all the circumstances shown by the evidence, then the City has discharged its duty in that regard.''

It is urged that this was error. The refused instruction disregarded entirely the material with which the sidewalk was constructed and the manner of its construction. The city was charged with notice that Joliet limestone contained seams of clay or other material which in time would decompose and that such stones were liable to break and fall at any time. The evidence showed also that many such flagstones in the City of Lincoln had developed open cracks therein and had to be supported by beams or props underneath. The refusal of the instruction as offered was not error and the modification thereof was proper.

No other errors are suggested and the judgment of the circuit court is affirmed.

*Affirmed.*